[Civ. No. 10260.   Second Appellate District, Division Two.—June 28, 1935.]

EGISH   MELIKIAN,  Respondent,  v.   INDEPENDENT PAPER STOCK COMPANY (a Corporation) et al., Appellants.

Jennings & Belcher and Louis E. Kearney for Appellants.

E. B. Drake for Respondent.

FRICKE, J., *pro tem.*—Respondent, engaged in the rubbish business, after driving his truck from the premises of appellant company proceeded about 35 feet west and stopped for the purpose of closing the end gates. While respondent was at the rear of his truck a truck of appellant company backed up, going from east to west, a distance of 72 feet, and the rear of said truck struck respondent, forcing him against his own truck and causing injuries to him. The company's truck was operated by appellant Peach, its employee, and with its consent. Appellants do not contend that the verdict is excessive or that the evidence was insufficient to show negligence on their part, but do contend that respondent was negligent as a matter of law, because, as shown by some of the evidence, he stopped his truck on the roadway side of a truck parked at the edge of the highway, and at a point where his truck as well as the truck parked at the curb were partially in front of one of the entrances to a garage.

In connection with this contention appellants claim error in the giving and refusal of instructions to the jury. The contention is based on appellants' choice of the conflicting testimony as to the position of the truck, and on the provisions of section 138 of the California Vehicle Act which make it unlawful to stop, stand or park any vehicle in front of a public or private driveway, or on the roadway side of any vehicle stopped or parked at the edge or curb of a highway, except under certain conditions not present in this case, and

upon article V, section 25, of Ordinance No. 50115, New Series, of the city of Los Angeles, as amended by Ordinance No. 72109, which prohibits, with like exceptions, the standing of any vehicle where it will obstruct the use of any driveway.

There is a conflict in the evidence as to the position of respondent's truck. The father of appellant Peach testified that at the time of the accident he was working in front of the garage, and ran over to respondent and helped him up from the railroad track running north and south and located east of the garage. He also testified that the rear end of respondent's truck was on the railroad track, and marked the position of the truck on the diagram used at the trial. This evidence, if believed by the jury—and in view of the verdict we may assume they did believe it—entirely eliminates the question of a violation of statute and ordinance. The jury by its verdict acquitted respondent of contributory negligence, and their determination of the facts, supported by substantial evidence, is conclusive here.

We have examined the instructions, those given and refused, as to which appellants assign error, and also those not printed in the briefs. Taking the instructions as a whole, we find therein no ground for reversal. This is particularly true in view of the fact that it is difficult to see how the jury could justifiably have arrived at any conclusion other than that expressed by their verdict.

The fact that the jury was permitted to take the instructions with them to the jury room, while not authorized by law, was at most an irregularity which under all the circumstances of the case will not warrant a reversal. (See *Fererira v. Silvey,* 38 Cal. App. 346 [176 Pac. 371].)

Error is assigned because the court denied a, motion to strike out the last sentence of respondent's answer: "I stopped there to put the gates on, so the newspapers would not fall on the ground. It is against the city ordinance." The answer was competent, not as proof of a city ordinance but of the fact that, believing it to be against a city ordinance to allow newspapers to fall on the street, respondent stopped his truck and walked back to put the gates on the end of his truck to keep the papers therein from falling out.

Appellants claim error in the refusal of the court to instruct the jury to disregard certain remarks of respondent's counsel which were assigned as misconduct. In making this

point counsel refer to the reporter's transcript, which is not before us, and do not refer to the place where the incident may be found in the record here. The bill of exceptions shows that during argument to the jury respondent's counsel stated: "Now, during counsel's argument to you he resorted to a subterfuge in reading to you the law from a law book . . . and I say that counsel did resort to subterfuge and that is bunkum and pettifogging." The bill of exceptions fails to set forth what was said by appellants' counsel in his reading, other than that he "read from the Motor Vehicle Act", and we are unable to determine whether what was said in the reading was fairly subject to the remarks of respondent's counsel or not. Even if we assume that the reading from the Vehicle Act was wholly proper, the misconduct of counsel referred to would be wholly insufficient to warrant a reversal.

Judgment affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.