[Civ. No. 17888.   First Dist., Div. One.   Feb. 2, 1959.]

JACK SHELTON, Appellant, v. GIBSON BURKE et al., Respondents.

*Assigned by Chairman of Judicial Council.

R. Edward Burton for Appellant.

Partridge, O'Connell & Partridge for Respondents.

WOOD (Fred B.), J.—Plaintiff tripped and fell while carrying a barrel of refuse from his employer's laboratory along and through an alleyway, for deposit in garbage cans placed there for that purpose. The jury gave its verdict in favor of defendants, the owners of the alleyway and the building which it served.

The sole assignment of prejudicial error is the fact that in response to the jury's request therefor the trial judge sent a written instruction on contributory negligence into the jury room.

An instruction is not one of the papers which the jury is authorized to take into the jury room. (Code Civ. Proc., §§ 612-614.) Accordingly, it was irregular and therefore erroneous to permit the taking of this instruction into the jury room. (*Melikian* v. *Independent P. S. Co.*, 8 Cal.App. 2d 166, 168 [47 P.2d 539]; *Fererira* v. *Silvey*, 38 Cal.App. 346, 359 [176 P. 371].) However, we do not find it prejudicial under the circumstances of this case.

The jury was instructed, and retired for deliberation at 3:40 p. m. Deliberation continued, with time out for dinner, until 10:20 p. m., when the court recalled the jury to see if a verdict was possible. The foreman indicated that disagreement existed in regard to the issue of contributory negligence and asked that the court reread its instruction on contributory negligence. The court reread its previously given instruction on contributory negligence. Plaintiff interposed no objection. The jury retired for further deliberation.

Within a matter of a few minutes the court announced in the presence of counsel for both parties that the jury had asked for the written instruction on contributory negligence which had just been reread to them. The court complied with this request over objection of counsel for plaintiff. Counsel's objection was that it would be improper to send a written instruction to the jury room as it would tend to focus the jury's attention on a single instruction instead of the instructions as a whole. About 10 minutes later, the jury returned its verdict in favor of defendants.

The instruction, to which plaintiff interposed no objection and the correctness of which he does not question, was an accurate and adequate statement on the subject of contribu-

tory negligence. Any singling out of that subject was done by the jury (not by the judge) in the course of their deliberation. Sending the instruction in to them, to be read in the jury room, would not seem to give this subject any greater emphasis than to have called them into the courtroom (which would have been proper) for the judge again to read it to them there.

Here, we are "dealing with error which is collateral and without probable substantial relation to the disposition of the cause." (*Santina* v. *General Petr. Corp.*, 41 Cal.App.2d 74, 77 [106 P.2d 60].) This, it would seem, is why prejudice is not presumed from the mere fact of sending written instructions into the jury room and why it is said that something affirmatively indicating prejudice should appear, to justify a reversal in the absence of other errors in the conduct of a trial. That appears to be the rationale of such cases as *Fererira* v. *Silvey, supra,* 38 Cal.App. 346, 359; *Melikian* v. *Independent P. S. Co., supra,* 8 Cal.App.2d 166, 168; *Day* v. *General Petr. Corp.,* 32 Cal.App.2d 220, 237-238 [89 P.2d 718]; *Santina* v. *General Petr. Corp., supra,* 41 Cal.App.2d 74, 76-78; *Lewis* v. *Southern Pac. Co.,* 98 Cal.App.2d 358, 362 [220 P.2d 431]; *Chambers* v. *Southern Pac. Co.,* 148 Cal. App.2d 873, 876-878 [307 P.2d 662].

In *Nelson* v. *Southern Pac. Co.,* 8 Cal.2d 648, 655 [67 P.2d 682], a reversal was ordered. But there were a number of errors, including errors in the giving and refusal of instructions and the rejection of evidence in addition to communication with the jury by sending them a message (the nature of which does not appear in the printed report) by the bailiff and without the presence of counsel. The court did not single out any one of these errors. It said "we are not prepared to say that the sum of these errors was not prejudicial . . ." (P. 655 of 8 Cal.2d.)

Plaintiff relies heavily on *Hammond* v. *Foster* (1882), 4 Mont. 421 [1 P. 757], which held it proper for the court to give the jury all of the instructions, but erroneous, even by accident, to give the jury some but not all of the instructions. (P. 759 [1 P.].) We see no analogy between that situation and the one presented here. Obviously, a different rule in respect to the furnishing of written instructions obtained there than here. Also, there the court, apparently upon its own initiative, furnished an incomplete set of instructions, analogous to orally giving incomplete instructions,

as distinguished from furnishing an instruction at the jury's request, one that had just been reread to them at their request. Moreover, in the Hammond case the furnishing of incomplete instructions was not the sole error involved.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.