[Civ. No. 7795. Second Appellate District, Division Two.—June 22, 1933.]

WILLIAM R. COYNE et al., Respondents, v. J. P. WHIFFEN et al., Appellants.

Paul Nourse for Appellants.

Julius V. Patrosso for Respondents.

PARKER, J., *pro tem.*—This is an appeal by the defendants from a judgment, rendered upon a verdict of a jury, in favor of plaintiffs and against the defendants in an action to recover damages for and on account of injuries sustained by respondent Myrtle Coyne in an automobile collision.

No point is raised as to the sufficiency of the evidence, appellants conceding that there was a conflict and that there was sufficient evidence before the jury to sustain the verdict. No complaint is made as to the rulings of the trial court on the admission or rejection of evidence, nor is there any claim of contributory negligence urged. The sole question presented involves the giving of two instructions offered by respondents and the refusal of the court to give an instruction requested by appellants.

The first instruction given to which attack is directed is as follows: "You are instructed that by the provisions of the statutes of California in force at the time of the accident in question, it was unlawful for the driver of any motor vehicle to drive at a rate of speed in excess of fifteen miles in traversing an intersection of highways when the driver's view is obstructed. A driver's view is deemed to be obstructed within the meaning of the statute when at any time during the last 100 feet of his approach to said intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all the highways entering such intersection for a distance of 200 feet from such intersection. If you find from the evidence, therefore, that the view of the defendant, J. P. Whiffen, in approaching the intersection of La Brea avenue and Clinton street was obstructed within the meaning of the statute as above stated, and if you further find that in traversing the intersection said defendant, J. P. Whiffen, was then driving at a rate of speed in excess of fifteen miles, that said defendant was guilty of negligence, and if you further find that such negligence contributed directly. and proximately to cause the collision between the automobile driven by said defendant and the automobile in which the plaintiff Myrtle Coyne was riding, and that as a direct result thereof the plaintiff, Myrtle Coyne, sustained injuries, then your verdict must be for the plaintiff and against the defendant." The instruction offered by appellants and refused by the court ties in with the argument on the one given, and we shall therefore consider the two together. The refused instruction reads: "Section 113 of the California Vehicle Act, in full force and effect at the time of the accident in question, provided in part as follows: 'Restriction as to speed. (a) Any person driving a vehicle on the public highways of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to injure the life, limb or property of any person.' Unless you find from a preponderance of the evidence that the defendants were violating the provisions of said section of the California Vehicle Act, you cannot find their speed to have been a negligent one."

The point of the argument is that section 113a of the California Vehicle Act controls all speed limits of the statute; that there is no definite speed set forth in the statute that will of itself be a violation of the law unless coming within the terms of section 113a. In other words, the contention is that a speed in excess of that made lawful by the statute is no more than *prima facie* evidence of negligence, and not in itself to be declared negligence as a matter of law or negligence *per se*. Appellants frankly concede that the uniform holding of the Supreme Court and Appellate Court of this state is to the contrary. Notwithstanding this concession it is urged that the prior decisions failed to give full consideration to the question from the viewpoint of appellants herein. We cannot now abandon all precedent and follow a new trail. It is possible that appellants may convince the Supreme Court, and we are frank to state that the argument presented at once appeals to reason and every-day conditions of automobile traffic. We note this, however: The correction of alleged conditions might well be brought to the attention of the legislature and provision made to cover the situations detailed as existing. In complete answer to the contention made we merely cite the following cases: *Hayes* v. *Emerson,* 110 Cal. App. 470 [294 Pac. 765]; *Havens* v. *Loebel,* 103 Cal. App. 209 [284 Pac. 676]; *Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045]. This same point was passed upon by this court in *Thompson* v. *Dentman,* 131 Cal. App. 680 [21 Pac. (2d) 1009].

Appellants next complain of an instruction given as follows: ''The statutes of the state of California provide that the driver of any vehicle upon a public highway before turning such vehicle shall first see that such movement can be made in safety, and if it cannot be made in safety, shall wait until it can be made in safety; that if the operation of any other vehicle can reasonably be affected by such movement, the driver shall give a signal plainly visible to the driver of such other vehicle of the intention to make such movement. Such signal may be given either by the use of the hand and arm or by means of a mechanical or electrical device which meets the requirements of the statute and which has been approved by the division of motor vehicles. Whenever the signal is given by means of the

hand and arm the driver shall indicate his intention to turn to the left by extending his hand and arm horizontally from and beyond the left side of the vehicle. The signal to be given before turning as herein provided, shall be given continuously during the last fifty feet traveled by the vehicle before turning. Therefore, where two vehicles are traveling in the same direction on the same street, one in the rear of the other, it is the duty of the driver of the rear car to exercise reasonable care with respect to the forward car, and if the driver of the forward car indicates by the proper signal as defined by the statute, his intention of turning to the left, it is the duty of the driver of the rear car to yield him that right.''

It is of the last portion of this instruction that appellants complain, and we see no merit in the complaint. The purpose of the signal is to warn the rear driver of the intention to turn, and when this signal is given at the proper distance it surely must be for some purpose recognized to be accomplished if the legal mode is followed. The instruction places upon the driver of the rear car the duty of reasonable care, and that is always the duty of a motorist, whether ahead or behind. It would seem highly illogical to require the driver of the forward car to give a signal and continue the same for a distance of fifty feet before the turn and then hold that the driver of a car in the rear was under no duty to heed that signal. As a matter of commonplace the signal is intended solely to warn the rear car. Without further discussion, attention may be called to the following cases: *Hanson* v. *Cardoza,* 106 Cal. App. 500 [290 Pac. 62] ; *Barton* v. *Studebaker Corp.,* 46 Cal. App. 707 [189 Pac. 1025].

Judgment affirmed.

Craig, Acting P. J., and Stephens, J., concurred.