[Civ. No. 13935.   Second Dist., Div. Two.   Feb. 24, 1943.]

IONE ELIZABETH COHAN et al., Appellants, v. JEAN McKEE BRODIE et al., Respondents.

Kenneth J. Murphy and Louise Mason for Appellants.

Joseph A. Ball and C. F. Jorz for Respondents.

WOOD (W. J.), J.—The litigation in which the present appeal is being prosecuted resulted from an automobile accident which occurred in the evening of August 15, 1941, on Lakewood Boulevard near Long Beach. At that time R. E. Lawrence was driving a Dodge automobile south on Lakewood Boulevard and Jean Brodie was driving a De Soto car a short distance behind the Dodge and in the same direction. Mrs. Byrtle Burrow was driving a Pontiac car on Lakewood Boulevard in a northerly direction and a short distance behind her and travelling in the same direction Ione Elizabeth Cohan was driving a Packard car owned by her husband, Albert Cohan. At the point of the accident Lakewood Boulevard is a paved highway 30 feet in width, divided into three 10-foot lanes. On the east side of the boulevard there is a 10-foot shoulder and on the west side of the boulevard there is a 20-foot shoulder. The Brodie car collided with the Cohan car but the witnesses are not in agreement as to the point on the highway at which the collision occurred. Mr. and Mrs. Cohan filed an action for damages, naming Mrs. Brodie and Mr. Lawrence as defendants. Mrs. Brodie filed a separate action in the Long Beach Department of the superior court, naming Mr. and Mrs. Cohan and Mr. Lawrence as defendants. The two actions were consolidated for trial, resulting in verdicts in favor of the defendants in both cases. Mr. and Mrs. Cohan are prosecuting the present appeal from the judgment entered against them in the case which they instituted as plaintiffs.

■ Appellants contend that the verdict is without substantial evidentiary support and that the evidence shows conclusively that the negligence of respondent Brodie was the sole proximate cause of their injuries. Among the witnesses upon whose testimony appellants rely is Mrs. Burrow, the driver of the car preceding their own car. Mrs. Burrow testified that the Brodie car suddenly turned into the middle lane, struck the left fender of her own car and went on and struck the Packard car which was behind her. At that time her own car was in the right hand lane. Mr. and Mrs. Cohan, who were returning from their honeymoon trip, testified that they were travelling at about 25 or 30 miles per hour in the right hand lane; that when the Brodie car was about 150 feet away, travelling at about 60 miles per hour, it "swung in toward the center lane" and struck the Cohan car broadside. But the occupants of the Cohan and Burrow cars were not the only witnesses to testify and a very different version of the circumstances of the accident is presented by the testimony of the occupants of the other two cars. Mrs. Brodie testified that it was raining and the highway was slippery; that she was driving south on the highway at a speed of approximately 25 miles per hour; that the car ahead of her driven by Mr. Lawrence came to a sudden stop; that in order to avoid striking the Lawrence car she applied her brakes and turned into the center lane; that at that time she saw the Cohan car travelling toward her in the center lane at a speed of approximately 40 to 45 miles per hour; that the driver of the Cohan car was not looking at the road but was looking at, or kissing, her companion. Mr. Lawrence, although he denied that he stopped his car, testified that he observed the Cohan car about 200 feet in front of him, that it "pulled into the center lane" to pass the car ahead and that it was travelling at a speed of from 40 to 45 miles per hour.

No rule is more thoroughly established than the rule that a reviewing court will not weigh conflicting testimony. We may not disturb the findings of fact of the jury if they are supported by substantial evidence. The jury could draw reasonable inferences from the evidence presented to them and base its findings thereon. In determining whether the findings are supported by the evidence we must consider the evidence in the light most favorable to respondents. By crediting the testimony of Mrs. Brodie the jury could reasonably find that Mrs. Cohan negligently drove in the center lane at an excessive rate of speed. We are satisfied that the implied findings of

the jury which were favorable to respondents are amply supported by the evidence.

We find no merit in the contention of appellants that they were prejudiced by the refusal of the trial court to reread an instruction requested by the jury. After the jury had retired to deliberate they returned to the court and the foreman, Mr. Stilgenbaur, stated that there was "confusion among certain members of the jury as to the finding of the jury, which they think is the proper one to be filed." There was some discussion by the court and the foreman in which reference was made to the fact that there were two consolidated cases. The record discloses: "Mr. Stilgenbaur: Will the court please reread that portion of the instructions which deals with the verdict which shall be rendered by the jury, in case the jury feels that there is contributory negligence, that portion of the instructions? The Court: The instruction that I can read to you, but in any case if you have found that a plaintiff is contributorily negligent, that plaintiff cannot win a verdict. Contributory negligence makes it impossible for a plaintiff to win a verdict. Does that answer it or do you want the instruction read? Mr. Stilgenbaur: It answers it as far as I am concerned." There was further discussion by the court and some of the jurors. We quote from the record the following which occurred immediately before the jury retired to resume deliberations: "The Foreman: I would like to know whether each one of them understand it. The Court: If there is anything further you want to clarify, now is the time to ask me, any of you. All right. You may go back again and take ballots just as quickly as you reasonably can and see if you can reach a conclusion." From the record before us it is apparent that the jury wished to have reread that portion of the instructions "which deals with the verdict ... in case ... there is contributory negligence." It is to be noted that none of the jurors asked the court to reread the instruction which defined contributory negligence. Obviously, the jury was seeking information as to the proper verdict to be rendered in case of a finding that there was in fact contributory negligence. The court answered the request of the foreman by plainly stating that contributory negligence makes it impossible for a plaintiff to win a verdict. In doing so the court did not misstate the law. Appellants contend that in answering the question of the foreman the court should have added the element of proximate cause and should have informed the jury that contributory negligence which proximately contributed to the injury

would prevent a verdict in favor of a plaintiff. The court had in its general instructions to the jury fully and fairly defined contributory negligence and had given the jury ample instructions on the subject. It was not necessary for the court to include all of the elements of contributory negligence in answering the question of the foreman. If the court had misdirected the jury we would have a different problem but in this instance the court did not misdirect the jury. The most that can be said in favor of appellants' contention is that in the court's answer to the foreman's request a single element of the doctrine of contributory negligence was omitted. This element was clearly given in another instruction. The omission, if it can be called such, was unquestionably cured by the general instruction on the subject which had been given to the jury. (*Miner* v. *Dabney-Johnson Oil Corp.*, 219 Cal. 580 [28 P.2d 23].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 22, 1943.