[Civ. No. 17516.   First Dist., Div. Two.   Oct 18, 1957.]

RUTH SMITH, Appellant, v. LINCOLN S. JOHE et al.,
Respondents.

Jacobsen & Tobin and Harold W. Tobin for Appellant.

Leo J. Walcom and John T. Harmon for Respondents.

DRAPER, J.—Plaintiff appeals from judgment for defendants entered upon the verdict of a jury. Plaintiff-appellant walked across the intersection of Union and Leavenworth

Streets in San Francisco at about 9:30 p. m. Respondent Johe drove an automobile owned by his employer uphill along Union Street and started a left turn into Leavenworth. There the car struck appellant.

Appellant first argues that the verdict is without support in the evidence. But there was a conflict in the evidence as to whether appellant was within or without the unmarked crosswalk. ██ It is unnecessary to cite authority for the oft-repeated rule that conflicts in the evidence are for the trier of the facts, and not for an appellate court. The jury could have found contributory negligence on the part of appellant.

Appellant's complaint stated two causes of action against the respondent employer, one based on the theory that the driver was acting in the course and scope of his employment, and another on the theory of permissive use. (Veh. Code, § 402.) After all evidence was in, respondent employer moved for a directed verdict as to the first cause of action. This motion was granted. ██ However, the respondent employer conceded that the automobile was driven with its permission, and the jury was properly instructed as to the liability of respondent employer under Vehicle Code, section 402. Appellant assigns as error the granting of the directed verdict as to the count based upon *respondeat superior*. It is conceded that the car which struck appellant was owned by respondent employer, and that its driver was an employee of that respondent. The only testimony as to the nature of the driver's employment and of his activity at and immediately before the accident was that of the driver. He testified that he was an estimator for respondent employer, a contractor. The employer furnished him an automobile which he was permitted to drive between his home and work. His work often required him to go direct from his home to a job. He was allowed to use the company car for personal purposes. He testified that on the evening in question he had completed his work, driven home, had dinner, gone to see a friend upon a wholly personal errand, and was returning from that visit when the accident occurred. ██ The facts that respondent Johe was an employee of respondent corporation and was driving a car owned by it raise an inference that the driver was acting in the course and scope of his employment. (*Westberg* v. *Willde*, 14 Cal.2d 360, 371 [94 P.2d 590].) Whether that inference was dispelled by the testimony of respondent driver, there being no other evidence upon the issue, is a more difficult

question. (*Leonard* v. *Watsonville Community Hospital*, 47 Cal.2d 509 [305 P.2d 36].) We do not find it necessary to determine this question. ██ It is clear that the court's action, even if erroneous, was in no way prejudicial to appellant. The principal could be liable, on the facts of this case, only if the agent were liable. The directed verdict in no way affected the cause of action against the employee driver, nor did it remove from the case the issue of liability of the employer under Vehicle Code, section 402. On the contrary, the issue of the driver's liability for negligent operation of the vehicle, and of his employer's responsibility as owner for the permitted use of the car, was submitted to the jury upon full and fair instructions. In finding for both defendants, the jury necessarily found either that the driver was not negligent or that there was contributory negligence on the part of appellant. Either finding precludes recovery by plaintiff against the employer on the theory of *respondeat superior*. Thus there is no reversible error. (Cal. Const., art. VI, § 4½.)

Appellant next asserts error in the giving of an instruction upon imminent peril. It is true that driver and pedestrian each testified that he did not see the other before the impact. ██ Generally, it is error to instruct upon imminent peril unless at least two courses of action are available to a party after the danger is perceived. (*Staggs* v. *Atchison, Topeka & S. F. Ry. Co.*, 135 Cal.App.2d 492 [287 P.2d 817]; *Perry* v. *Piombo*, 73 Cal.App.2d 569 [166 P.2d 888].) ██ However, there was evidence that the automobile approached the intersection by a rather steep hill, and that the lights of the car were on. The arguments to the jury are not in the record, but the questioning of witnesses discloses an attempt to raise an inference that the lights were visible to appellant as the car breasted the hill, immediately before the left turn was made. Thus there was some basis for a finding that appellant knew of her peril a moment before the impact. Since the jury could also have found that she was in the crosswalk, and thus free of negligence, the necessary elements for application of the doctrine of imminent peril would be present, and the instruction could serve to permit the jury to free her of responsibility for any inferred failure to avoid the impact. There is no evidence which would warrant the conclusion that respondent driver saw appellant in time to have a choice of action. ██ The doctrine of imminent peril is available to either plaintiff or defendant, or, in a proper case, to both.

(*Howard* v. *Worthington,* 50 Cal.App. 556 [195 P. 709].)

■ Whether a party has been suddenly confronted with imminent peril ordinarily is a question of fact to be submitted to the jury. (*Leo* v. *Dunham,* 41 Cal.2d 712, 715 [264 P.2d 1] and cases there cited.) We question the propriety of the instruction on imminent peril in this case. ■ However, the benefit of the rule that one confronted with sudden peril is not expected to use the same judgment as in calmer moments could, if applied at all, have been used only to the benefit of appellant. Thus, if erroneous, the instruction did not prejudice appellant. Appellant's reliance upon *Staggs* v. *Atchison, Topeka & S. F. Ry. Co., supra,* is misplaced. In that case, the infant plaintiff was, as a matter of law, incapable of contributory negligence. The instruction could benefit only the defendant and, on the facts, could not conceivably apply to it.

■ Appellant complains of failure to give an instruction on the duty of the driver to sound his horn. But the only instruction offered concerning the horn dealt with the statutory requirement that an automobile be equipped with a horn in good working order. There was no evidence as to either the lack or presence of such a horn, and the instruction was properly refused.

Appellant complains also of the refusal of an instruction "similar to BAJI 201-E." But the similarity is barely discernible. The offered instruction was improper and was therefore properly refused, although a full and fair instruction upon the subject would have been proper, if requested.

We have reviewed in detail the remaining assignments of error, and find them without merit.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied November 15, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1957.