[Civ. No. 19058. First Dist., Div. Two. Jan. 11, 1961.]

IDA WARREN, Appellant, v. LILLY K. SULLIVAN, Respondent.

152

Charles O. Morgan, Jr., and George R. Moscone for Appellant.

Pelton, Gunther, Durney & Gudmundson and Harold Albert Stone for Respondent.

SHOEMAKER, J.—Plaintiff Ida Warren, while riding as a guest in the automobile of the defendant driver, Lilly K. Sullivan, was injured when it collided with another automobile and wound up against a telephone pole. Plaintiff brought this action to recover damages for her injuries based on alleged wilful misconduct of the defendant. Defendant's answer denied any misconduct and alleged the defense of assumption of risk. Judgment after jury trial was rendered in favor of defendant, and plaintiff appeals.

At about 5:15 p.m. on November 28, 1956, respondent was driving north on Junipero Serra Highway a short distance south of the San Francisco county line. At that point the highway has four lanes, and respondent was in the lane nearest the center line. As she approached a 35 mile-per-hour zone, she applied her brakes, the brakes "grabbed" and suddenly pulled the car over into the southbound lane, whereupon her car hit a southbound car and then came to rest after hitting a power pole.

The parties to the litigation had been friends for years. On the day of the accident they had driven down to Palo Alto from San Francisco for an outing. On the way to Palo Alto the respondent commented to the appellant that the brakes seemed to "grab" a little, and the car pulled over slightly. The appellant testified that she had never driven an automobile, and that she did not know what was meant by brakes "grabbing."

It is admitted by the appellant that she was respondent's guest during the auto trip, and that respondent had not been drinking. Therefore, to recover under the "guest

statute," Vehicle Code, section 17158, the conduct of the host must have amounted to wilful misconduct. (*Olson* v. *Jones* (1959), 172 Cal.App.2d 539, 546 [342 P.2d 440].) ▇ Wilful misconduct, as such term is used in the automobile guest law, consists in doing something that ought not to be done under the circumstances, or failing to do something under such circumstances which shows either knowledge that serious injury to a guest probably will result, or a wanton and reckless disregard of the possible results. (*Carmean* v. *Bridges* (1956), 142 Cal.App.2d 99, 101 [297 P.2d 671]; *Munson* v. *Friedman* (1957), 154 Cal.App.2d 73, 76 [315 P.2d 727].) ▇ The existence of wilful misconduct is usually a question of fact. (*Fisher* v. *Zimmerman* (1937), 23 Cal.App.2d 696, 701 [73 P.2d 1243]); and here the jury passed on the question under appropriate instructions. ▇ The only theory upon which wilful misconduct could be based is driving the car after noticing the brakes "grab." However, the evidence was that the pulling was only slight, that respondent attributed such to having had the car washed the evening before, that she had braked the car on the way to Palo Alto after the pulling incident without any further "grabbing," and that she did not think there was any danger involved. Since on appellate review all legitimate and reasonable inferences must be indulged to uphold the jury verdict if possible (*Crawford* v. *Southern Pacific Co.* (1935), 3 Cal.2d 427, 429 [45 P.2d 183]), it must be implied that the jury found from the foregoing evidence that there was no wilful misconduct on the part of respondent. The judgment in this respect is well supported.

The appellant urges, however, that the giving of assumption of risk instructions constituted prejudicial error. The attack is made upon the propriety of giving the instructions, not upon their content, which was correct. ▇ The defense of assumption of risk is available when there has been a voluntary acceptance of a risk and such acceptance, whether express or implied, has been made with knowledge and appreciation of the risk. (Rest., Torts, § 893; *Prescott* v. *Ralphs Grocery Co.* (1954), 42 Cal.2d 158, 161 [265 P.2d 904].) It was respondent's theory that appellant assumed the risk by returning from Palo Alto in the auto after respondent had told her the brakes had "grabbed," and the car was "pulling over." The appellant argues that she did not have knowledge of the hazard involved, pointing to her testimony to the effect that she had never driven, that she did not have any knowledge about auto-

mobiles, and that she did not know what was meant by "brakes grabbing." ▆▆▆ However, an objective standard must be applied to the question of knowledge; a plaintiff may not be heard to say he did not comprehend a risk which must have been obvious to him; knowledge and appreciation of danger is a question for the jury, and may be inferred from the circumstances. (*Gallegos* v. *Nash, San Francisco* (1955), 137 Cal. App.2d 14, 20 [289 P.2d 835]; *Gomes* v. *Byrne* (1959), 51 Cal.2d 418, 421 [333 P.2d 754].) ▆▆▆ Since the question of the appellant's knowledge and appreciation of the risk is a jury matter, and since the instructions correctly stated the law, no error was committed by giving such instructions.

The appellant further argues that it was prejudicial error to instruct the jury on imminent peril. Once again the attack is made upon the propriety of the instructions, not their content. The appellant contends it is error to instruct on the doctrine where the danger calling for action is one which should reasonably have been anticipated. (*Fraser* v. *Stellinger* (1942), 52 Cal.App.2d 564, 567 [126 P.2d 653]; *Kuist* v. *Curran* (1953), 116 Cal.App.2d 404, 410 [253 P.2d 281].) It is her theory that it was respondent's negligence which placed the parties in peril. ▆▆▆ The doctrine of imminent peril does not excuse one who has brought about the peril by her own negligence. (*Yates* v. *Morotti* (1932), 120 Cal.App. 710, 716 [8 P.2d 519]; *Vedder* v. *Bireley* (1928), 92 Cal.App. 52, 60 [267 P. 724].) ▆▆▆ However, ordinarily, whether a person has been suddenly confronted with imminent peril, or whether such peril was brought about through her own negligence, is a question of fact for the jury. (*Leo* v. *Dunham* (1953), 41 Cal.2d 712, 715 [264 P.2d 1]; *Smith* v. *Johe* (1957), 154 Cal.App.2d 508, 512 [316 P.2d 688].) ▆▆▆ The evidence to the effect that the car swerved instantly after respondent applied the brakes seconds before the accident is without dispute. Respondent's testimony to the effect that she attributed the "grabbing," which was slight, to having the car washed, the fact she braked from time to time on the way to Palo Alto after the "grabbing" without incident, and her statement that she did not think any danger was involved, suffice to present a jury question on whether her lack of anticipation of the sudden swerve while braking was reasonable. ▆▆▆ Where, as here, the record supports an inference of imminent peril, an instruction on the doctrine is called for. (*Leo* v. *Dunham, supra*, at p. 716; *Emery* v. *Los Angeles Ry. Corp.* (1943), 61 Cal.App.2d 455, 462 [143 P.2d 112].)

■ Appellant finally contends that an instruction which mentioned "contributory negligence" was error, as contributory negligence was not an issue in the case. The instruction given is as follows:

"In determining whether negligence, or proximate cause or *contributory negligence* has been proved by a preponderance of evidence, you should consider all the evidence bearing either way upon the question, regardless of who produced it. A party is entitled to the same benefit from evidence that favors his cause or defense when produced by his adversary as when produced by himself." (Emphasis supplied.) This is the only reference to contributory negligence in the case. This instruction merely informed the jury that they had to consider all the evidence, regardless of who produced it. Although it mentioned "contributory negligence," the jury's attention was not focused on the doctrine in any other manner, and it would be hard to imagine that they based their verdict, which was favorable to respondent, on such a doctrine.

■ An instruction, erroneous or correct, which relates to matters as to which there is no evidence, will not justify reversal unless it has misled the jury to the prejudice of appellant. (*Trelut* v. *Kazarian* (1952), 110 Cal.App.2d 506, 512 [243 P.2d 104]; *Mehollin* v. *Ysuchiyama* (1938), 11 Cal.2d 53, 57 [77 P.2d 855].) ■ In our opinion the instruction was not prejudicial to appellant especially in view of the evidence adduced in this case.

Since there is no appeal from the order denying appellant's motion for new trial, the purported appeal therefrom is dismissed.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 8, 1961.