[Civ. No. 25040. Second Dist., Div. Two. Apr. 26, 1961.]

ALFRED KUMELAUSKAS, Respondent, v. ROSARIO COZZI, Appellant.

Schell & Delamer, Joseph F. Bender and Earle K. Stanton for Appellant.

Irving H. Green and Eric Julber for Respondent.

ASHBURN, J.—In this action for damages for personal injuries, defendant appeals from the judgment entered on a jury verdict in favor of plaintiff.

The evidence appears to be substantially the same as that received in a prior trial of this case in which a jury also returned a verdict in favor of plaintiff. The judgment entered thereon was reversed upon appeal because of an erroneous instruction. (See *Kumelauskas* v. *Cozzi,* 173 Cal.App.2d 541, 546 [343 P.2d 605].) The accident occurred shortly after 2 a. m. in the morning of March 10, 1956, at the intersection of Sunset Boulevard and Laveta Terrace in Los Angeles. Plaintiff, a pedestrian, was crossing Sunset Boulevard to the north when he was struck by an automobile driven by defendant in a westerly direction on Sunset, next to the double line. Sunset Boulevard runs generally east and west; Laveta Terrace, north and south. There is no crosswalk on the west side of Laveta Terrace. On the east side thereof there is an unmarked crosswalk from the north side of Sunset Boulevard to the south side thereof. Police officers who arrived at about 2:30 a. m. found the plaintiff lying in the street about 2 feet south of the center line of Sunset and 5 feet east of the west curb line of Laveta Terrace.

Among others, the trial court gave to the jury plaintiff's instruction: "Section 560 of the Vehicle Code[1] of the State

---

[1]Although the trial occurred after the effective date of the 1959 revision of the Vehicle Code, the court and counsel spoke in terms of the earlier code and we will do the same for the language of each pertinent section is the same as found in each edition. Section 560, subdivision (a), became § 21950 in the revision; § 565 became § 21958 and § 562 became § 21954.

of California provided as follows: '(a) The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection . . . except as otherwise provided in this chapter.' "

At defendant's request, these two instructions were given: "At the time of the happening of the accident involved in this case the California Vehicle Code contained the following provision: Section 565: 'It shall be unlawful for any pedestrian who is intoxicated to such an extent as to create a hazard to himself or others to walk or be upon any roadway.' " "At the time of the happening of the accident involved in this case the California Vehicle Code contained the following provision: Section 562: '(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. (b) The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway.' "

About an hour after the jurors retired to consider the case they returned to the courtroom, at which time the following occurred. The trial judge, speaking to the foreman: "Mr. Chernoff, what is it you would like to know? JUROR No. 8: There was a further definition, I think. I believe it was Section 560 of the Motor Vehicle Code, a definition of the right of way. THE COURT: Further definition or do you wish to have it reread? JUROR No. 8: Further definition. THE COURT: I can re-read it to you. I never did define what Section 560 said other than just generally all the way through. JUROR No. 8: Well, the wording, I understood what your Honor read, but the interpretation of the wording or something, I would like to have explained to me. THE COURT: I do not understand what you mean by the interpretation of the wording. The wording is clear. . . . Now, Mr. Chernoff is the foreman and he has asked for a further definition of Section 560 of the Vehicle Code, and a further definition of right of way. Now, right of way, 'when the law says that one person has a right of way over another, its purpose simply is to establish a practical basis for necessary courtesy on the highway. . . .' " The judge then proceeded to give the meaning of "right of way" in the language of BAJI 150 (revised), which had previously been given. He then reread the above instruction concerning section 560—which concludes with the phrase "except as

otherwise provided in this chapter," and then added "And Sections 562 and 565 are in the same chapter as 560. Are those the instructions that you desired re-read, Mr. Chernoff? JUROR No. 8: Yes, your Honor."

Appellant contends that it was reversible error for the trial court to give further instructions to the jury concerning right of way as provided in section 560, and to reread and "emphasize" section 560 to the jury without commenting on or reading again the qualifying provisions of sections 562 and 565. It is claimed that "As given, Sections 562 and 565 were pushed into the background and the jury left with the impression that these qualifying sections were of little or no importance. The jury was left with the impression that Section 560 was the only important matter. . . ."

The jury requested further advice as to right of way and section 560. Thus, as stated in *Shelton* v. *Burke*, 167 Cal.App. 2d 507, 509 [334 P.2d 616] : "Any singling out of that subject was done by the jury (not by the judge) in the course of their deliberation."

The mere rereading of the instructions previously given upon these subjects was not error. "We are not warranted in holding, as plaintiff seems to contend, that the giving of said instructions and re-reading them to the jury, standing alone, constitutes ground for reversal, because it does not appear that said instructions embodied incorrect statements of law, and it is doubtless within the province of a trial court, when so requested by a jury, to re-read any portion of the charge already given, or to go even further and give additional instructions to clarify those already given." (*Muskin* v. *Gerun*, 46 Cal.App.2d 404, 408 [116 P.2d 105].)

It was not necessary in the circumstances nor did the court err in its failure to repeat sections 562 and 565 upon which it had previously instructed in accordance with defendant's theory of the case. "Defendant was not entitled as matter of right to have instructions read which the jury had not called for or to have all the instructions on a given subject read when such as were read were satisfactory to the jury." (*People* v. *Finali*, 31 Cal.App. 479, 489 [160 P. 850].)

*People* v. *Rigney*, 55 Cal.2d 236, 245-246 [10 Cal.Rptr. 625, 359 P.2d 23] : "After deliberating for some time, the jury requested further instructions on intent and transfer of intent. The court repeated the instructions on transferred intent and gave examples illustrating the application of the rules. . . . Defendant also contends that the court erred in repeating the

instructions on transferred intent only and failing to repeat the instructions on intent, on the ground that this failure may have been interpreted by the jury as a mandate to find intent and transfer it. This contention is without merit. The court's earlier instructions fully and adequately instructed the jury on the law of intent and the foreman indicated that the repeated instructions answered the question asked by the jury. The court's duty is fully performed if the additional instructions answer the question of the jury. (*People* v. *Finali,* 31 Cal.App. 479, 489 [160 P. 850] ; *cf. Olson* v. *Standard Marine Ins. Co.,* 109 Cal.App.2d 130, 140-141 [240 P.2d 379].)'' (See also *Cohan* v. *Brodie,* 57 Cal.App.2d 307, 310-311 [134 P.2d 498] ; *Quiring* v. *Zamboni,* 148 Cal.App.2d 890, 893 [307 P.2d 650].) Furthermore, by the court's reference to sections 562 and 565, following the rereading of section 560, the jury must have reasonably understood that section 560 was subject to the provisions of sections 562 and 565.

The record further indicates that defendant was present in person and with counsel when the court gave the above requested information to the jury, and no request was made that further or additional instructions be repeated. ''We think that if counsel for defendants was dissatisfied with the statements to the jury, it was his duty to say so at the time, and thus give the court an opportunity to cure any defective or incomplete statement.'' (*Downing* v. *Silberstein,* 89 Cal.App. 2d 838, 844 [202 P.2d 91].) Appellant's first contention is without merit.

 His other contention is that ''the verdict and judgment imposing liability on the defendant are not supported by the record but are in direct opposition to the uncontradicted evidence that plaintiff brought about his own injury.'' Appellant's argument upon this point is based upon his view of the evidence, disregarding all conflicts, or conflicting inferences which may be drawn from the evidence. Under his view, ''plaintiff, in an intoxicated condition, erratically staggered into and about the busy intersection for several minutes before the accident, was narrowly missed by other cars, and finally, changing his course abruptly, ran directly in front of defendant's automobile.'' And, ''that plaintiff was 'staggering' around in the middle of a busy intersection without regard for crosswalks or his own safety.''

By crediting the evidence given by witness Georgino the jury could have concluded that plaintiff was crossing within the area of the unmarked crosswalk, and there is other evi-

dence which appears to support such an inference. Also, the jury reasonably could have found from the evidence that plaintiff was not "intoxicated to such an extent as to create a hazard to himself or others" (§ 565). It does not appear that contributory negligence exists as a matter of law in this case. (See *Anthony* v. *Hobbie,* 25 Cal.2d 814, 818-819 [155 P.2d 826].)

Appellant's argument concerning sufficiency of the evidence is directed principally to the issue of contributory negligence, although counsel do make the statement that "the record abundantly show[s] a complete lack of any fault on the defendant's part. . . ." Appellant fails to adequately set forth the evidence on this issue (see *New* v. *New,* 148 Cal.App.2d 372, 383 [306 P.2d 987]), but it appears that the jury's implied finding of defendant's lack of due care has substantial support in the record.

Judgment affirmed.

Fox, P. J., concurred.