[Civ. No. 8053.   Fourth Dist., Div. Two.   Mar. 6, 1967.]

RUBY PITTMAN, Plaintiff and Appellant, v. LAWRENCE BOIVEN et al., Defendants and Respondents.

Dexter D. Penman and Edward L. Lascher for Plaintiff and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett and Kenneth R. Garrett for Defendants and Respondents.

KERRIGAN, J.—While there are two codefendants, Lawrence Boiven and W. J. Boiven, the latter's liability is derivative only and by reason thereof reference will be made only to the primary defendant in considering the appeal.

Shortly before midnight plaintiff finished her shift as a waitress and accompanied by a fellow-worker, Martha, visited the Flamingo night club on Los Angeles Street, in Anaheim, California, for the purpose of viewing a dance contest known as the "twist." The two ladies remained at the club until 1-1:30 a.m., during which time Martha enjoyed some mixed drinks. During the course of the show, the two girls met a male friend of Martha's and it was suggested that the two ladies meet him for late coffee at a restaurant which was also located on Los Angeles Street several miles north of the night club. The two ladies left the club together with Martha driving her model 1955 Ford and plaintiff occupying the right front seat.

The defendant, with a male friend, had been a patron of the night club while the two ladies were in attendance. During a period of 1½ hours, defendant had been "partaking of alcoholic beverages" while viewing the dance contest. The defendant and his friend left the club in defendant's 1955 Chevrolet station wagon, with defendant driving, at the same approximate time as the two ladies departed. The Ford in which plaintiff was riding proceeded north on Los Angeles Street for a distance of approximately two miles from the club to a point where Los Angeles Street intersects with a Santa Ana Freeway on-ramp. The defendant similarly proceeded north behind the Ford. Weather conditions were clear, the road surface was dry, and there were no obstructions to the defendant's view. Defendant's estimated speed was between 20-28 miles per hour from the time he left the club until the second prior to impact, with the station wagon maintaining a distance of approximately three car-lengths (50 feet) behind the

Ford. Both cars were traveling in the left or "fast" lane next to the double line at the time of impact. As the Ford in which plaintiff was riding approached the junction of the Santa Ana Freeway on-ramp, Martha, without signaling, suddenly stopped, or almost came to a complete stop, preparatory to making a left turn. Defendant was looking straight ahead when he noted the stop lights resulting from the application of the Ford's brakes. He immediately applied his brakes and veered to the right in an unsuccessful attempt to avoid the collision. Plaintiff sustained injuries in the resulting impact and initiated the instant action. Contributory negligence was not an issue by reason of plaintiff's guest status. (See *Moore* v. *Franchetti,* 22 Cal.App.2d 75, 78 [70 P.2d 492].) A jury trial ensued and during the course of their deliberations, the jury requested a re-reading of certain instructions and eventually returned a verdict in favor of defendants.

Plaintiff appeals and urges a reversal of the judgment because (1) the evidence is insufficient to sustain the verdict and judgment; (2) the court erred in giving certain instructions; (3) the court erred in refusing to give certain proffered instructions; and (4) the court, in re-reading instructions after the jury retired, failed to instruct the jury fully on the law involving the issue to which the jury's inquiry related, and repeated erroneous instructions.

Plaintiff initially urges that defendant was negligent as a matter of law inasmuch as he struck the rear of the car in which plaintiff was riding after following such vehicle for some time preceding the impact. (See *Pacific Greyhound Lines* v. *Querner,* 187 Cal.App.2d 190, 193 [7 Cal.Rptr. 370]; *Cartmill* v. *Arden Farms Co.,* 83 Cal.App.2d 787, 789 [189 P.2d 739].) The *Pacific Greyhound Lines* v. *Querner* case involved a factual circumstance where the doctrine of *res ipsa loquitur* was held to be applicable. ▮ Generally, however, the mere occurrence of a collision between two cars does not of itself present a circumstance for applying the *res ipsa loquitur* doctrine, though a collision may occur under circumstances warranting application of the doctrine. (*Cordova* v. *Ford,* 246 Cal.App.2d 180, 185 [54 Cal.Rptr. 508]; *Busch* v. *Los Angeles Ry. Co.,* 178 Cal. 536, 539 [174 P. 665, 2 A.L.R. 1607]; *Keller* v. *Cushman,* 104 Cal.App. 186, 188-189 [285 P. 399]; *Curry* v. *Williams,* 109 Cal.App. 649, 652 [293 P. 623]; *Miller* v. *Cranston,* 41 Cal.App.2d 470, 480 [106 P.2d 963].) ▮ Circumstances where application of the *res ipsa loquitur* doctrine may be justified include rear-end collision

cases where the rear car has collided with a stopped, stationary, or parked vehicle. (*Alarid* v. *Vanier*, 50 Cal.2d 617, 625 [327 P.2d 897]; *Slappey* v. *Schiller*, 116 Cal.App. 274, 276-277 [2 P.2d 577]; *Merry* v. *Knudsen Creamery Co.*, 94 Cal. App.2d 715, 721-722 [211 P.2d 905]; *Persike* v. *Gray*, 215 Cal.App.2d 816, 820 [30 Cal.Rptr. 603]; *Beck* v. *Kessler*, 235 Cal.App.2d 331, 337 [45 Cal.Rptr. 237].) ▪ Notwithstanding the validity of the foregoing propositions, the record indicates that plaintiff made no request for an instruction in terms of *res ipsa loquitur* and that even if such instruction had been formally requested, the doctrine would have been inapplicable inasmuch as there was abundant evidence that plaintiff's driver either abruptly slowed her vehicle or suddenly stopped her car just prior to impact for the purpose of making a left turn without giving any signal as required by law. (Veh. Code, § 22109.)

The driver of a motor vehicle must not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle, the traffic, and the condition of the roadway. (Veh. Code, § 21703; 6 Cal.Jur.2d, Automobiles, § 139, p. 600; 60 C.J.S. Motor Vehicles, § 323b, p. 750; 7 Am.Jur.2d Automobiles, etc., § 220, p. 769, Distance from vehicle ahead proceeding in the same direction.)

▪ The driver in the rear has a duty to yield to the driver of the forward car if the driver of the forward car indicates properly his intention to turn to the left. (*Coyne* v. *Whiffen*, 132 Cal.App. 699, 703 [23 P.2d 530].) The driver of the forward vehicle must determine that the vehicles following him are informed by proper signals of his intention to slow down, stop, or turn. (*Petersen* v. *Devine*, 68 Cal.App.2d 387 [156 P.2d 936]; *Elford* v. *Hiltabrand*, 63 Cal.App.2d 65, 74 [146 P.2d 510]; *Mazgedian* v. *Swift & Co.*, 22 Cal.App.2d 570, 572 [71 P.2d 833].) The duty of a driver who reduces his speed to give a signal applies where the driver's speed is reduced suddenly. (See *Smith* v. *Philip Morris Co.*, 107 Cal. App.2d 361, 362-363 [237 P.2d 295].) Section 22109 of the Vehicle Code provides: "No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give the signal."

▪ It has been recognized that a determination the driver in back was negligent in colliding with the vehicle in front is essentially not a question of law but of fact, and depends

upon the conditions surrounding the occurrence of the accident. (*Getas* v. *Hook*, 236 Cal.App.2d 705, 715 [46 Cal.Rptr. 249]; *Larson* v. *Solbakken*, 221 Cal.App.2d 410, 427 [34 Cal. Rptr. 450]; *Kramer* v. *Barnes*, 212 Cal.App.2d 440, 447-448 [27 Cal.Rptr. 895]; *Davis* v. *Ewen*, 148 Cal.App.2d 410, 413-414 [306 P.2d 908]; see *Lowenthal* v. *Mortimer*, 125 Cal.App. 2d 636, 638 [270 P.2d 942].) ■ A driver is not necessarily negligent because his vehicle rear-ends another. (*Burke* v. *Bloom*, 187 Cal.App.2d 155, 162 [9 Cal.Rptr. 563]; *Kralyevich* v. *Magrini*, 172 Cal.App.2d 784, 792 [342 P.2d 903]; *Szarapski* v. *Joaquin*, 139 Cal.App.2d 27, 32 [292 P.2d 959]; *Elford* v. *Hiltabrand*, *supra*, 63 Cal.App.2d 65, 74.)

■ Factors to be considered in determining which driver is to bear the responsibility for the collision include (1) alertness of the driver in the rear in ascertaining the risk of collision (*Edlund* v. *Los Angeles Ry. Co.*, 14 Cal.App.2d 673, 674-675 [58 P.2d 928]; *Coppock* v. *Pacific Gas & Electric Co.*, 137 Cal.App. 80, 91 [30 P.2d 549]); (2) the celerity with which the forward progress of the vehicle was arrested (*Coppock* v. *Pacific Gas & Electric Co.*, *supra*); (3) the braking efficiency (*Coppock* v. *Pacific Gas & Electric Co.*, *supra*); (4) the distance between the vehicles (*Butcher* v. *Thornhill*, 14 Cal.App. 2d 149 [58 P.2d 179]; *Coppock* v. *Pacific Gas & Electric Co.*, *supra*; *Hardin* v. *Sutherland*, 106 Cal.App. 473, 479 [289 P. 900]); and (5) the suddenness with which the vehicle ahead comes to a stop (*Donahue* v. *Mazzoli*, 27 Cal.App.2d 102, 105 [80 P.2d 743]; 6 Cal.Jur.2d, Automobiles, § 210, pp. 721-722).

Obviously, the jury found that the defendant was operating his station wagon at a reasonable rate of speed at a moderate distance behind the Ford in which plaintiff was riding immediately prior to impact, and it is well established that a reviewing court will not reweigh the evidence. (*Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757].)

■ The trial court instructed the jury on the subject of impeachment by evidence of prior inconsistent or contradictory statements and admissions or declarations against interest (BAJI 34, BAJI 27, BAJI 31-A, BAJI 33-D, BAJI 34-A); however, the court failed to inform the jury that such evidence is to be viewed with caution, and plaintiff asserts that the court's failure to give the cautionary instruction constitutes prejudicial error. (See Code Civ. Proc., § 2061, subd. 4; *Crawford* v. *Alioto*, 105 Cal.App.2d 45, 51 [233 P.2d 148].) Plaintiff did not request the cautionary instruction. However, in criminal cases the giving of the cautionary in-

struction is mandatory even in the absence of a request therefor. (See *People* v. *Ford,* 60 Cal.2d 772, 799 [36 Cal.Rptr. 620, 388 P.2d 892] cert. den. 377 U.S. 940 [12 L.Ed.2d 303, 84 S.Ct. 1342].) In certain civil actions it has been held that the cautionary instruction must be given on the court's own motion even in the absence of a request therefor. (*Pemberton* v. *Ince Bros. etc. Constr. Co.,* 208 Cal.App.2d 167, 171 [25 Cal.Rptr. 38].)

Ordinarily there is strong reasoning behind the principle that a party's extrajudicial admissions or declarations against interest should be viewed with caution in the form prescribed by BAJI 29-A. No class of evidence is more subject to error or abuse inasmuch as witnesses having the best of motives are generally unable to state the exact language of an admission and are liable, by the omission or the changing of words, to convey a false impression of the language used. (*Crawford* v. *Alioto, supra,* 105 Cal.App.2d 45, 50; *People* v. *Bemis,* 33 Cal.2d 395, 399 [202 P.2d 82].) While it may be error to fail to give the instruction (*Crawford* v. *Alioto, supra*), such error may not constitute reversible error. (*Freeman* v. *Nickerson,* 77 Cal.App.2d 40, 63 [174 P.2d 688].) In the instant case, plaintiff does not discuss in what manner she may have been prejudiced by the court's failure to give the cautionary instruction. We have exhausted the record and are unable to find any clear admissions or definite contradictory statements made by any party or witness. ■ Where the appellant refers to the failure to give an instruction with the mere claim that it constitutes error without argument or attempt to show in what manner there is error, the reviewing court will not pass upon the assertion of error. (*Batchelor* v. *Caslavka,* 128 Cal.App.2d 819, 823 [276 P.2d 64]; *Spinazzola* v. *Margolis,* 206 Cal.App.2d 648, 650, 651 [24 Cal.Rptr. 132]; *Atlas Terminals, Inc.* v. *Sokol,* 203 Cal.App.2d 191, 209 [21 Cal.Rptr. 293]; *Bonaccorso* v. *Kaplan,* 218 Cal.App.2d 63, 69 [32 Cal.Rptr. 69].) ■ An appellate court will not search the record for the purpose of discovering errors not pointed out in the brief. It is the duty of counsel to refer the reviewing court to the portion of the record to which he objects and to show that the appellant was prejudiced thereby. (*Fox* v. *Erickson,* 99 Cal.App.2d 740, 741-742 [222 P.2d 452]; *County Nat. Bank etc. Co.* v. *Sheppard,* 136 Cal.App.2d 205, 223 [288 P.2d 880].) ■ The record does not disclose that plaintiff was prejudiced in any manner by the court's failure to give the cautionary instruction.

Plaintiff next urges that the court erred in submitting an instruction to the jury on the doctrine of imminent peril (BAJI 137).

The doctrine of imminent peril is properly applied only in cases where an unexpected physical danger is presented so suddenly as to deprive the driver of his power of using reasonable judgment. (*Groat* v. *Walkup Drayage etc. Co.*, 14 Cal.App.2d 350, 354 [58 P.2d 200]; *Sadoian* v. *Modesto Refrigerating Co.*, 157 Cal.App.2d 266, 274 [320 P.2d 583].)

A party will be denied the benefit of the doctrine of imminent peril where that party's negligence causes or contributes to the creation of the perilous situation. (*Groat* v. *Walkup Drayage etc. Co., supra*; *Brooks* v. *City of Monterey*, 106 Cal.App. 649, 656 [290 P. 540]; *Dodds* v. *Gifford*, 127 Cal.App. 629, 632-633 [16 P.2d 279].) Whether an individual has been suddenly confronted with imminent peril is a question of fact to be submitted to the jury. (*Leo* v. *Dunham*, 41 Cal.2d 712, 715 [264 P.2d 1]; *Persike* v. *Gray, supra*, 215 Cal.App.2d 816, 822; *Robinson* v. *Harrington*, 195 Cal.App.2d 126, 132 [15 Cal.Rptr. 322]; *Warren* v. *Sullivan*, 188 Cal.App.2d 150, 154 [10 Cal.Rptr. 340]; *Smith* v. *Johe*, 154 Cal.App.2d 508, 512 [316 P.2d 688]; *Kehlor* v. *Satterlee*, 37 Cal.App.2d 116, 119 [98 P.2d 759].)

Where the evidence indicates that an individual was confronted with a sudden emergency, he is entitled to an instruction which advises the jury as to the amount of care which he was required to exercise while acting under its stress. (*Groat* v. *Walkup Drayage etc. Co., supra*, 14 Cal.App. 2d 350, 354; *Taylor* v. *Lowenstein*, 113 Cal.App. 665, 670 [298 P. 847].)

The trial court properly instructed the jury on the doctrine of imminent peril in the case under review inasmuch as the sudden stop of the Ford in which plaintiff was riding, without any prior warning in the form of a signal, constituted an emergency situation presenting a condition of physical danger which was worthy of the jury's consideration.

The trial court instructed the jury to the effect that a person who, himself, is exercising ordinary care has a right to assume that others will perform their duty under the law. (BAJI 138.) This form of instruction has been recognized and approved in California. (*Stickel* v. *San Diego Elec. Ry. Co.*, 32 Cal.2d 157, 166-167 [195 P.2d 416]; *Curland* v. *Los Angeles County Fair Assn.*, 118 Cal.App.2d 691, 699 [258 P.2d 1063]; *Ribble* v. *Cook*, 111 Cal.App.2d 903, 908 [245

P.2d 593]; *Connor* v. *Pacific Greyhound Lines*, 104 Cal.App. 2d 746, 753-754 [232 P.2d 500]; *Wysock* v. *Borchers Bros.*, 104 Cal.App.2d 571, 588 [232 P.2d 531, 29 A.L.R.2d 948]; *LaBranch* v. *Scott*, 82 Cal.App.2d 1, 13 [185 P.2d 823]; *Folger* v. *Richfield Oil Corp.*, 80 Cal.App.2d 655, 665 [182 P.2d 337]; *Astone* v. *Oldfield*, 67 Cal.App.2d 702, 708-709 [155 P.2d 398]; *Florine* v. *Market Street Ry. Co.*, 64 Cal.App.2d 581, 586-587 [149 P.2d 41].) While BAJI form 138.2 has been recommended by the compilers in preference to BAJI 138, the giving of the original instruction is proper where the party seeking the instruction is exercising ordinary care. (See *Fowler* v. *Allen*, 49 Cal.App.2d 214, 219 [121 P.2d 41]; *Ramos* v. *Service Bros.*, 118 Cal.App. 432, 438 [5 P.2d 623].) The rendition of the instruction under the factual situation herein presented was proper in determining whether plaintiff's driver was negligent in suddenly stopping without signaling. (See Veh. Code, § 22109.)

Plaintiff's requested instruction concerning the effect of intoxication (BAJI 152 (Revised)) was refused. ■ Generally an intoxicated person is held to the same standard of care as a sober one. (*Simmer* v. *City & County of San Francisco*, 116 Cal.App.2d 724, 727 [254 P.2d 185]; *Cloud* v. *Market Street Ry. Co.*, 74 Cal.App.2d 92, 97 [168 P.2d 191]; *Emery* v. *Los Angeles Ry. Corp.*, 61 Cal.App.2d 455, 461 [143 P.2d 112]; 38 Am.Jur., Negligence, § 26, p. 672.)

■ In the absence of a showing that the alcohol a driver consumed affected him, a finding that the driver was under the influence of intoxicating liquor is improper. (*Linde* v. *Emmick*, 16 Cal.App.2d 676, 683 [61 P.2d 338].) ■ While there is no legal presumption that one is intoxicated because he has taken a drink of liquor, it is within the province of the trial court or the jury to take into consideration the number of drinks of intoxicating liquor which one has imbibed and his subsequent actions in determining whether at the time of the accident such person is in fact intoxicated. (*Knickrihm* v. *Hazel*, 3 Cal.App.2d 721, 730 [40 P.2d 305]; *Guerra* v. *Balestrieri*, 127 Cal.App.2d 511, 516-518 [274 P.2d 443].) ■ One is not necessarily under the influence of intoxicating liquor as the result of taking one or more drinks. The circumstances and effect must be considered; whether or not a person was under the influence of intoxicating liquor at a certain time is a question of fact for the jury to decide. (*Guerra* v. *Balestrieri, supra.*)

BAJI 152 (Revised) defines a person as being "under the influence of intoxicating liquor" in circumstances in which "as a result of drinking such liquor his physical or mental abilities are impaired so that he no longer has the capacity to drive a vehicle with the caution characteristic of a sober person of ordinary prudence under the same or similar circumstances." (See *Smith* v. *Baker*, 14 Cal.App.2d 10, 12-13 [57 P.2d 960].) ■ In the case under review, the only evidence which supported the requested instruction was to the effect that defendant had been "partaking of alcoholic beverages." There was no testimony to connect his subsequent conduct in the operation of his vehicle to the fact that he had consumed intoxicants so as to establish that he was "under the influence of intoxicating liquor" as that phrase has been defined in civil case law. There is further no evidence indicating that his driving ability was in any wise impaired or that he operated his car in violation of law or neglected any duty imposed by law in the operation of his vehicle. (See Veh. Code, § 23101.) Under these circumstances, the trial court did not err in failing to give the requested instruction as an instruction must be supported by some evidence. (*Popejoy* v. *Hannon*, 37 Cal.2d 159, 167 [231 P.2d 484]; *Miller* v. *Western Pac. R.R. Co.*, 207 Cal.App.2d 581, 590 [24 Cal.Rptr. 785]; *Novak* v. *Peira*, 175 Cal.App.2d 29, 34 [345 P.2d 349].) ■ Instructions not supported by any substantial evidence should not be given. (See *Phillips* v. *G. L. Truman Excavation Co.*, 55 Cal.2d 801, 806 [13 Cal.Rptr. 401, 362 P.2d 33].) ■ Requests for instructions not supported by the evidence are properly refused. (*Alaska Salmon Co.* v. *Standard Box Co.*, 158 Cal. 567, 572 [112 P. 454]; *DeGottardi* v. *Donati*, 155 Cal. 109, 111 [99 P. 492]; *Tompkins* v. *Montgomery*, 123 Cal. 219, 221-222 [55 P. 997]; *Pickering* v. *Havens*, 70 Cal.App. 381, 388-389 [233 P. 346]; *Sessions* v. *Pacific Improvement Co.*, 57 Cal.App. 1, 29 [206 P. 653]; *Cooper* v. *Spring Valley Water Co.*, 16 Cal.App. 17, 26 [116 P. 298].) ■ Moreover, it is error to instruct on any theory that is untenable as a matter of law or is unsupported by the evidence. (*Wagner* v. *Osborn*, 225 Cal.App.2d 36, 48 [37 Cal.Rptr. 27].) ■■ In determining whether or not a refused instruction should have been given, an appellant is entitled to evidence viewed in the light most favorable to him but if the evidence, so viewed, does not raise the issue involved in the requested instruction, the instruction is properly refused. (*Costa* v. *A. S. Upson Co.*, 215 Cal.App.2d 185, 187

[30 Cal.Rptr. 66].) Plaintiff herein failed to establish the quantity of alcohol consumed by the defendant and did not prove that defendant's driving ability was impaired as a result of alcoholic consumption.

Finally, plaintiff maintains that the court erred in the re-reading of instructions at the jury's request after the jury had retired for deliberation. The jury had been fully instructed prior to retiring, but while in the course of deliberations, the court received a note in which the jury asked "to have the instructions read on what determines negligence and that you have a right to assume that others will behave within the limits of the law." When the jury was returned to court with all counsel present (Code Civ. Proc., § 614), instructions were re-read which defined negligence (BAJI 101 (Revised)) and the right to assume that others will comply with the law (BAJI 138). The court then inquired of the jury if their questions had been answered and the foreman indicated in the affirmative. Plaintiff urges that since the jury asked for instructions on "what determines negligence," the re-reading of only the one instruction containing the single definition of negligence was insufficient and that all instructions on the subject of negligence should have been re-read. (See *Asplund* v. *Driskell,* 225 Cal.App.2d 705, 712 [37 Cal.Rptr. 652] ; *Davis* v. *Erickson,* 53 Cal.2d 860, 863-864 [3 Cal.Rptr. 567, 350 P.2d 535].)

Where about an hour after the jury retired they asked to be returned to court and a juror requested the re-reading of an instruction, the re-reading of the instruction was not error. (*Bryant* v. *Market Street Ry. Co.,* 71 Cal.App.2d 508, 517 [163 P.2d 33].) The objection that an instruction which was re-read at the jury's request had been unduly emphasized has been held to be without merit. (*Muskin* v. *Gerun,* 46 Cal.App. 2d 404, 408 [116 P.2d 105] ; *Bryant* v. *Market Street Ry. Co., supra.*) A party is not entitled as a matter of right to have instructions read which the jury has not called for or to have all the instructions on a given subject read when such as are read are satisfactory to the jury. (*People* v. *Finali,* 31 Cal. App. 479, 489 [160 P. 850] ; *Kumelauskas* v. *Cozzi,* 191 Cal. App.2d 572, 575 [12 Cal.Rptr. 843].) The court has fulfilled its obligation in this regard if the jury's question is answered. (*Kumelauskas* v. *Cozzi, supra; People* v. *Finali, supra.*) Where counsel is dissatisfied with the court's statements to the jury, it is his obligation to make this known at the time in order to afford the court the opportunity to cor-

rect any misstatement or incomplete statement. (*McGuire* v. *W. A. Thompson Distrib. Co.*, 215 Cal.App.2d 356, 367 [30 Cal.Rptr. 113] ; *Kumelauskas* v. *Cozzi, supra,* at p. 576; *Downing* v. *Silberstein,* 89 Cal.App.2d 838, 844 [202 P.2d 91].) However, plaintiff's counsel herein did not request the re-reading of any further instructions on the liability issue.

Judgment affirmed.

McCabe, P. J., and Tamura, J., concurred.

A petition for a rehearing was denied March 30, 1967, and appellant's petition for a hearing by the Supreme Court was denied May 4, 1967.