[Civ. No. 19973.   First Dist., Div. Three.   May 7, 1963.]

LOUISE PERSIKE et al., Plaintiffs and Appellants, v. HERBERT G. GRAY, Defendant and Respondent.

---

*Assigned by Chairman of Judicial Council.

Herron & Winn, John Wynne Herron and Robert Weinberger for Plaintiffs and Appellants.

Ropers, Majeski & Kane for Defendant and Respondent.

DEVINE, J.—This case presents, at first glance, a singular aspect, because plaintiffs, husband and wife, protected by seat belts, were seated in a vehicle waiting behind another vehicle for a red light to change, when their car was rear-ended by defendant's vehicle, and plaintiff wife developed a herniated disk which the two doctors called by the defense said was related to the accident (they were uncertain as to the degree of causation); but the jury, by nine to three vote, found for defendant shortly after the case was submitted to them.

### Facts of the Accident

Defendant testified that he was driving southerly on El Camino Real at about 35 miles an hour, taking his sister to church on a Sunday morning. About 3 blocks north of Poplar Avenue, where the accident occurred, he noticed that his sister was not answering him, that her eyes were closed

and that she looked pale. Her head dropped on her chest, and defendant decided that she was unconscious. He proceeded, watching the signals right along, saw a red light at Poplar Avenue, and came to a stop about 4 feet behind plaintiffs' vehicle. He testified that he intended to bring his sister to a doctor or to a hospital, or to her church because her religious belief was not consistent with hospitalization, but it is unclear from the record what his intention was in the period before the accident as distinguished from that which followed. He would not say he was excited, but he was nervous and worried. According to defendant's testimony, this is what followed: ''Q. Now, as you came to a stop what happened to your sister? A. She fell forward almost off the seat and then against the door, right-hand side. Q. At the time that she fell over there did you have your foot on the brake? A. Yes, sir. Q. And then what did you do when you saw your sister in that condition? A. I reached over to pull her away from the door. As I reached, naturally my foot released up a bit on the pressure on the left and I went ahead and bumped. . . . [S]he had fallen forward and I reached over against the door and I reached over to pull her away, didn't know what was going to happen. I didn't know what happened, whether she had a heart attack or what. First time she ever happened that way. So naturally I had my foot on the brake. I reached over, no doubt eased off the brake, pressing over to the left, eased off the brake and crept up.''

A witness produced by plaintiffs, a service station attendant, testified that he saw plaintiffs' car stopped and saw a vehicle approaching at about 15 miles an hour about 15 or 20 feet behind plaintiffs' car, and then saw the car strike plaintiffs' vehicle; however, he did not watch the vehicle in the interval, about two or three seconds, between the time he first saw it and the moment of impact.

A mechanical engineer employed at the University of California qualified as an expert and testified that the amount of damage to appellants' car could not have been caused by rolling of defendant's car about 4 feet from a stopped position.

### Appellants' Claim that Negligence Was Established as a Matter of Law

Plaintiffs contend that defendant was negligent as a matter of law, and in this they rely upon the testimony of the service station attendant and that of the mechanical engineer for the proposition that defendant drove his vehicle into the

rear end of plaintiffs' without stopping. The service station man did not watch defendant's vehicle continuously, and the engineer's estimates are not conclusive upon the finders of fact. One cannot say that reasonable men following the law could draw but one conclusion from the evidence presented, and therefore this contention of appellants must be rejected. (*Gray* v. *Brinkerhoff*, 41 Cal.2d 180, 183 [258 P.2d 834].)

### *Instruction on "Mere Fact" of Accident*

■ The court instructed the jury that "The mere fact that an accident happened, considered alone, does not give rise to a legal inference that it was caused by negligence or that any party to this action was negligent." Plaintiffs did not ask for any instructions on the doctrine of res ipsa loquitur. The giving of the "mere fact" instruction was error because the case is one in which the doctrine of res ipsa loquitur exists as a matter of law. There is no dispute about the fact that plaintiffs' vehicle was stationary when it was struck from behind by the moving vehicle of defendant. There was dispute, it is true, whether defendant's vehicle crashed into plaintiffs' without any intervening stop, or having come to a stop, thereafter ran into the back of plaintiffs' car, but in either case res ipsa loquitur would apply as a matter of law. (*Alarid* v. *Vanier*, 50 Cal.2d 617, 625 [327 P.2d 897] ; *Merry* v. *Knudsen Creamery Co.*, 94 Cal.App.2d 715, 721 [211 P.2d 905]; *Slappey* v. *Schiller*, 116 Cal.App. 274 [2 P.2d 577].)

■ Imminent peril was offered by way of explanation or exculpation, but this would not affect the prima facie effect of res ipsa loquitur.

■ Respondent replies that res ipsa loquitur instructions were not requested by plaintiffs, that the trial court was not alerted to the res ipsa loquitur situation and that in the absence of the request, it was not error to give the "mere happening" instruction, and they cite *Guerra* v. *Handlery Hotels, Inc.*, 53 Cal.2d 266 [347 P.2d 674], and *Phillips* v. *Noble*, 50 Cal.2d 163 [323 P.2d 385]. There is a distinction, however, between the class of cases on the one hand in which the doctrine is not applicable as a matter of law, but contingently only, if the jury determines the facts to exist in a certain way, and the class of cases on the other hand in which res ipsa loquitur applies as a matter of law. In the first class of cases, request for instructions on res ipsa loquitur ordinarily, if not always, is necessary before it will be held reversible error for the court to have given the "mere fact" in-

struction, because the trial court, if it had been made aware of plaintiff's contention, would have had the opportunity to explain the relationship between the two instructions (*Guerra* v. *Handlery Hotels, Inc., supra; Winningar* v. *Bales,* 194 Cal. App.2d 273, 277 [14 Cal.Rptr. 908]), by telling the jury that if they find res ipsa loquitur applicable, the mere happening of the accident rule is not to govern (*Amar* v. *Union Oil Co.,* 166 Cal.App.2d 424 [333 P.2d 449]); although it has been observed that such an explanation is difficult to give to a jury (*Guerra* v. *Handlery Hotels, Inc., supra,* pp. 271-272).

In the second class of cases, however, where res ipsa loquitur applies as a matter of law, it is error to give the "mere fact" instruction because this forecloses the jury from drawing an inference which they might otherwise draw. (*Jensen* v. *Minard,* 44 Cal.2d 325, 329 [282 P.2d 7]; *Guerra* v. *Handlery Hotels, Inc., supra; Winningar* v. *Bales, supra; Amar* v. *Union Oil Co., supra,* p. 428.) The case of *Alarid* v. *Vanier, supra,* is much in point because in that case, as in this, a stationary vehicle was struck from the rear by defendant's vehicle. ■ In the *Alarid* case it was held error to give the "mere happening" of the accident instruction where an inference of negligence arises as a matter of law as well as in cases where a presumption of negligence arises as a result of defendant's disobedience of a statute. (50 Cal.2d 625.)

■ In the *Alarid* case the error was held nonprejudicial because other instructions "made it clear that under the admitted facts a prima facie case has been proved against defendant and that, in order to escape liability, he must exculpate himself by showing justification or excuse." (*Ibid.*) It must be admitted that a burden is put on the trial judge when res ipsa loquitur instructions are not requested in a case like this, but the burden is inescapable.

■ We believe the error was prejudicial because: (1) The jury was foreclosed, by being told that the inference of negligence did not arise from the accident, from deducing, as reasonable persons might deduce without the assistance of a doctrine bearing a Latin title, that a stationary vehicle is not ordinarily struck from behind unless there has been negligence. (2) There was no other instruction given which would be of assistance to plaintiffs, such as were given in *Alarid* v. *Vanier, supra.* (3) The case had to be decided on the single point of defendant's negligence, there being no culpability on plaintiffs' part, such as contributory negligence or assumption of risk, and on this single issue the charge to

the jury unduly emphasized plaintiffs' burden of proof, as explained below.

### Imminent Peril Instruction

Appellants make the point that the imminent peril doctrine usually has relation to an external circumstance, but there seems to be no reason why a peril could not be a thing proximate to the person, including perils occurring within his vehicle which have no cause from the outside. Appellants also argue that the evidence does not present a case of imminent peril or sudden emergency because of the length of time elapsing between defendant's first noticing his sister's condition and the time of the accident. They argue that he had the duty to anticipate that such a thing might happen as the falling of his sister in the vehicle. Whether a person has been suddenly confronted with imminent peril is ordinarily a question of fact to be submitted to the jury (*Leo* v. *Dunham,* 41 Cal.2d 712, 715 [264 P.2d 1]), and we believe that under the circumstances it was proper to inform the jury of the law of imminent peril.

### Instructions on Burden of Proof

Although the case was fairly tried, somehow the charge to the jury placed undue emphasis on the plaintiffs' burden of proof, by repeating it in four instructions (defense instructions Nos. 6, 7 and 8, and one court instruction), in addition to the "mere happening" of the accident instruction. The court's instruction also stated that it was the defendant's burden to prove contributory negligence, although contributory negligence, concededly, was not an issue in the case.

We do not believe that the reference to contributory negligence was prejudicial because there was no evidence on the subject and there is no probability that the jury was misled. (*Warren* v. *Sullivan,* 188 Cal.App.2d 150, 155 [10 Cal.Rptr. 340].) The repetition of instructions on burden of proof, standing alone, may not be serious but, as stated above, it is a factor to be weighed in determining whether the error in giving the "mere happening" instruction was prejudicial.

Judgment reversed.

Draper, P. J., and Salsman, J., concurred.