[Civ. No. 22675.   First Dist., Div. One.   Nov. 7, 1966.]

CHARLENE CAROLYN CORDOVA, a Minor, etc., Plaintiff and Appellant, v. CARL LEONARD FORD et al., Defendants and Respondents.

E. Day Carman, Robert Burns Bostwick, Jr., and Eric D. Carlyle for Plaintiff and Appellant.

Wines & Bonney, Toff, Gordon & Royce, B. K. Wines, Melville A. Toff and F. John Royce for Defendants and Respondents.

SULLIVAN, P. J.—In this action for damages for personal injuries plaintiff appeals from an adverse judgment entered on a jury verdict in favor of defendants and against plaintiff. Prevailing defendants are Carl Leonard Ford, the driver of the other automobile; Lockheed Aircraft Corporation (Lockheed), Ford's employer; and Barrett National Car Rental System, Inc. (Barrett), owner of the automobile driven by Ford. The sole issue before us is whether the trial court erred in refusing to give plaintiff's requested instructions on res ipsa loquitur. We have concluded that the trial court did not err and that the judgment should be affirmed.

The instant action arises out of a two-car collision occurring at 7 a.m. on December 16, 1960 at the intersection of El Camino Real and Morse Lane in or near the City of Santa Clara. At that point, El Camino runs north and south and there are two lanes running in each direction separated by a concrete divider strip some 8 inches in height. Morse Lane intersects El Camino from the east and dead-ends. Across El Camino from the Morse Lane intersection is Mariani's Restaurant and Motel where defendant Ford spent the previous night. Ford was employed by Lockheed as a manufacturing coordinator and, as part of his duties, was required to coordinate activities between the Lockheed facilities in southern California and those in Sunnyvale. It was one of these journeys that brought Ford to Mariani's Motel.

The morning of December 16, 1960 was relatively dark and cloudy, sunrise was at 7:19 a.m. and visibility was evidently none too good. Plaintiff was driving her Ford station wagon southbound on El Camino at about 35 m.p.h. in the inside or fast lane—the posted speed limit being 40 m.p.h. at that particular location. Her headlights were off. Defendant was driving a Ford sedan which in the course of his duties for Lockheed he had rented from Barrett.

Plaintiff testified that when she first saw defendant's vehicle she was at a point considerably back from the intersection and defendant's car was moving on the motel property. The next time she saw the other car she was at a point still some distance from the intersection[1] and travelling at the same speed, and defendant's car was stopped on the shoulder of the highway close to the outside or slow lane. She did not see defendant Ford's car again until just prior to the collision, at which time it was straddling the line dividing the southbound lanes, the front half of the car being in the inside fast lane. Plaintiff fixed the position of her car at that time as being about 40 feet away from defendant's car. She was then going at "about 35 or a little less"; she was unable to give defendant Ford's speed and in fact stated that she did not know whether Ford's car was moving or stopped, since the collision "happened so fast." Plaintiff applied her brakes and tried to turn to the left but the two cars collided. The place of impact was in the area between the northbound and southbound lanes where there was a break in the divider strip. It

[1]According to the scale of the diagram (Pl. Exh. 6) on which plaintiff marked this position of her vehicle, it was then approximately 200 feet north of the Morse Lane intersection.

was therefore east of the southbound fast lane and generally opposite Morse Lane, the intersecting street. The front and right front fender of plaintiff's station wagon were damaged; the left front of defendant's sedan was damaged. Plaintiff allegedly sustained personal injuries.

Defendant Ford testified that he arrived at Mariani's Motel on the evening of December 15, ate dinner and spent the night there. The next morning he checked out of the motel and, entering his car, proceeded to the west shoulder of El Camino Real preparatory to crossing. As he reached the edge of the highway he stopped, waited for a few other vehicles to pass, and then proceeded across at a very slow speed. There was a break in the concrete divider opposite the motel and across from Morse Lane to permit cross traffic. It was his intention to turn left and go north on El Camino Real. It was at this point that defendant's automobile was hit by plaintiff's. Defendant testified that his car was stopped at the time of impact. He further stated that at no time while he was crossing the highway did he notice plaintiff's approaching vehicle.

The court instructed the jury on negligence, contributory negligence, various applicable "rules of the road,"[2] and the need for lighting equipment. It refused to give the "mere fact of the accident" instructions requested by defendants. It also refused to give as requested by plaintiff qualified instructions on the doctrine of res ipsa loquitur in the form of BAJI No. 206-A (Rev.) and No. 206 (Rev.).[3]

---

[2]As for example Veh. Code, § 21804 (entering or crossing highway from private property); § 22107 (turning movements and required signals); § 21654 (driving in right hand lane); § 22350 (basic speed law).

[3]Plaintiff requested the following instructions: "One of the questions for you to decide in this case is whether the accident involved occurred under the following *circumstances*: First, that it is the kind of accident which ordinarily does not occur in the absence of someone's negligence; Second, that it was caused by an agency or instrumentality in the exclusive control of the defendant; and, Third, that the accident was not due to any voluntary action or contribution on the part of the plaintiff. If, and only in the event that you should find all these conditions to exist, you are instructed as follows." (BAJI No. 206-A (Rev.)—N.B. In the instruction offered the italicized word "circumstances" was used instead of the word "conditions" found in BAJI No. 206-A (Rev.).)

"From the happening of the accident involved in this case, an inference arises that a proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference.

"When there is any evidence to the contrary, you must weigh all of the evidence bearing upon the issue of defendant's negligence. If the evidence tending to prove that the accident was caused by a failure of the defendant to exercise the care required of him has greater weight

184

■ According to the classic statement and as plaintiff's first proposed instruction correctly declares, there are three conditions for the application of the doctrine of res ipsa loquitur: " '(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' " (*Ybarra* v. *Spangard* (1944) 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258] quoting from Prosser, Torts, p. 295; *Cavero* v. *Franklin etc. Benevolent Soc.* (1950) 36 Cal.2d 301, 309 [223 P.2d 471]; *Seneris* v. *Haas* (1955) 45 Cal.2d 811, 823 [291 P.2d 915, 53 A.L.R.2d 124]; *Barrera* v. *De La Torre* (1957) 48 Cal.2d 166, 169 [308 P.2d 724]; *Wolfsmith* v. *Marsh* (1959) 51 Cal.2d 832, 835 [337 P.2d 70]; *Shahinian* v. *McCormick* (1963) 59 Cal.2d 554, 559 [30 Cal.Rptr. 521, 381 P.2d 377]; see Prosser on Torts (3d ed.) p. 218; BAJI No. 206-A (Rev.); 206-B (Rev.).) ■ Basically the application of the doctrine rests on probabilities and "res ipsa loquitur applies where the accident is of such a nature that it can be said, *in the light of past experience,* that it *probably* was the result of negligence by someone and that the defendant is *probably* the person who is responsible." (Italics added.) (*Zentz* v. *Coca Cola Bottling Co.* (1952) 39 Cal.2d 436, 446 [247 P.2d 344]; *Guerra* v. *Handlery Hotels, Inc.* (1959) 53 Cal.2d 266, 271 [347 P.2d 674]; *Faulk* v. *Soberanes* (1961) 56 Cal.2d 466, 470 [14 Cal.Rptr. 545, 363 P.2d 593]; *DiMare* v. *Cresci* (1962) 58 Cal.2d 292, 298-299 [23 Cal.Rptr. 772, 373 P.2d 860]; *Davis* v. *Memorial Hospital* (1962) 58 Cal.2d 815, 817 [26 Cal.Rptr. 633, 376 P.2d 561]; *Shaninian* v. *McCormick, supra*; *Keena* v. *Scales* (1964) 61 Cal.2d 779, 782 [40 Cal.Rptr. 65, 394 P.2d 809]; Prosser, *Res Ipsa Loquitur in California* (1949) 37 Cal.L.Rev. 183, 191-192; see *Gray* v. *City & County of San Francisco* (1962) 202 Cal.App.2d 319, 324-325 [20 Cal.Rptr. 894].) In determining whether such proba-

than the evidence to the contrary, you will find in favor of the plaintiff on that issue.

''In order to meet or balance the inference of negligence, the defendant must present evidence to show either (1) a satisfactory explanation of the accident, that is, a definite cause for the accident, in which there is no negligence on the part of the defendant, or (2) such care on the defendant's part as leads to the conclusion that the accident did not happen because of want of care by him, but was due to some other cause, although the exact cause may be unknown. If such evidence has at least as much convincing force as the inference and other evidence, if any, supporting the inference, then you will find against the plaintiff on that issue.'' (BAJI No. 206 (Rev.).)

bilities exist in respect to the particular accident, the courts have relied both on common knowledge and on expert testimony. (*Zentz* v. *Coca Cola Bottling Co., supra; Seneris* v. *Haas, supra,* 45 Cal.2d 811, 824-825; *Siverson* v. *Weber* (1962) 57 Cal.2d 834, 836 [22 Cal.Rptr. 337, 372 P.2d 97]; *Davis* v. *Memorial Hospital, supra.*)

Plaintiff has cited no authorities, and we have found none, supporting the application of the doctrine in a factual situation like the present one. ■ Indeed as a general rule the mere occurrence of a collision between two motor vehicles does not of itself present a situation for the application of the doctrine (*Busch* v. *Los Angeles Ry. Co.* (1918) 178 Cal. 536, 539 [174 P. 665, 2 A.L.R. 1607]; *Keller* v. *Cushman* (1930) 104 Cal.App. 186, 188-189 [285 P. 399]; *Curry* v. *Williams* (1930) 109 Cal.App. 649, 652 [293 P. 623]; *Miller* v. *Cranston* (1940) 41 Cal.App.2d 470, 473-474, 480 [106 P.2d 963]; see also *Godfrey* v. *Brown* (1934) 220 Cal. 57, 63 [29 P.2d 165, 93 A.L.R. 1092]; *Frediani* v. *Ota* (1963) 215 Cal.App.2d 127, 134 [29 Cal.Rptr. 912]; 8 Am.Jur.2d, p. 471) although a collision may occur under such circumstances as to warrant the application of the doctrine, as for example in rear-end collision cases where the rear car has collided with a stopped or stationary vehicle. (*Alarid* v. *Vanier* (1958) 50 Cal.2d 617, 625 [327 P.2d 897]; *Slappey* v. *Schiller* (1931) 116 Cal.App. 274, 276-277 [2 P.2d 577]; *Merry* v. *Knudsen Creamery Co.* (1949) 94 Cal.App.2d 715, 721-722 [211 P.2d 905]; *Persike* v. *Gray* (1963) 215 Cal.App.2d 816, 819-820 [30 Cal.Rptr. 603]; *Beck* v. *Kessler* (1965) 235 Cal.App.2d 331, 337 [45 Cal.Rptr. 237].)

As Prosser puts it: "All courts are agreed that the mere fact of a collision of two automobiles gives rise to no inference of negligence against either driver in an action brought by the other. . . . It is only where one vehicle is stationary, or its driver's fault is eliminated by some other specific evidence, that res ipsa loquitur can apply against the other." (Prosser on Torts (3d ed.) p. 226.) In a separate article already noted the author provides a more detailed exposition of the principle: "When a vehicle operated by *A* collides with a vehicle operated by *B,* there are four possibilities. *A* alone was negligent; *B* alone was negligent; both were negligent; or neither. Of these four only the first will result in liability of *A* to *B.* The bare fact of a collision affords no basis on which to conclude that it is the preponderant probability. The odds are against it. Accordingly, it has been held that the collision is

not in itself enough for the application of res ipsa loquitur in favor of one driver against another. The same is true when an automobile strikes a moving pedestrian. It is only where the plaintiff is shown to have been stationary, or his own fault is eliminated by some other specific evidence, that res ipsa loquitur can apply." (Prosser, *op. cit.*, 37 Cal.L.Rev. 183, 204-205.)

Turning to consider the three conditions of the doctrine in respect to the instant case, we have no difficulty in concluding that the first condition has been met. ■ It seems obvious to us that a two-car collision such as the one engaging our attention ordinarily does not occur in the absence of *someone's* negligence and that an inference properly arises that someone has failed to use due care in the operation of the vehicles. Indeed we are prompted to ask with Dean Prosser: "[I]s there not a reasonable inference, based merely upon the known probabilities, that not one but *both* drivers have been negligent? ■ Certainly there is an inference that due care has not been used by some one, as is demonstrated by the cases where one defendant has operated both vehicles. It is not a question of assigning this fault to one or the other, but of recognizing that, more probably than not, careful drivers do not have collisions even with careless ones." (Prosser on Torts (3d ed.) p. 227.) At any rate, the first element of the doctrine is present.

■ Taking up the second condition of the doctrine, we note plaintiff's cavalier treatment of the point in the simplistic statement of less than three lines that "It is undisputed in the record that any other than the defendant was in control of the defendant's vehicle at any time." This, of course, is worthless as a solution to the problem at hand since the undisputed evidence discloses that there were *two* instrumentalities involved in the present accident and that only *one* of these was within defendant's control. To invoke the doctrine it was incumbent upon plaintiff to produce evidence permitting the conclusion that it was more likely than not that defendant was responsible for the accident. (Rest.2d, Torts § 328D, com. e, p. 159.)[4] In order to eliminate other responsible causes and

---

[4]Rest. 2d Torts, § 328 D states: "(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff. (2) It is the function of the court to determine

thus make the negligence point to defendant, it is usually shown that the specific instrumentality causing the accident was under the exclusive control of defendant. (Rest.2d Torts, § 328D, com. g, p. 161.) In the instant case plaintiff distorts the rationale of the doctrine by arguing that defendant was in exclusive control of *his own* vehicle. But there were *two* instrumentalities involved in the accident. Since plaintiff was in exclusive control of *her own* vehicle, the requisite exclusive control in defendant was not established.

Finally, turning to the third condition of the doctrine, we consider whether the plaintiff's own conduct under the evidence has been eliminated as a responsible cause of the accident. (*Ybarra* v. *Spangard, supra,* 25 Cal.2d 486, 489; *Zentz* v. *Coca Cola Bottling Co., supra,* 39 Cal.2d 436, 444; Rest.2d, Torts, § 328 D(1)(b); Prosser on Torts (3d ed.) pp. 228-229.) While a plaintiff may properly rely on the doctrine of res ipsa loquitur even though he was not inactive at the time of the accident and participated in the events leading up to it, before he can do so the evidence must exclude his conduct as the responsible cause. (*Zentz* v. *Coca Cola Bottling Co., supra,* at pp. 444-445; *Shahinian* v. *McCormick, supra,* 59 Cal.2d 554, 560; Prosser on Torts, *supra;*[5] Rest.2d Torts, § 328 D(1)(b).)

In the instant case, plaintiff's own testimony showed that despite the early hour and the dark and cloudy condition of the weather, she was driving her car with the headlights off. Although she first saw defendant's car when she was some distance north of Morse Lane and saw it for the second time when she was still some 200 feet from the intersection, she admitted that she never saw it again until immediately prior to the accident. The uncontradicted evidence shows that all during this interval of time she was proceeding at approximately the same speed and defendant Ford was crossing the highway. Her testimony gives no inkling as to why she

---

whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn. (3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.'' (Pp. 156-157.)

[5]Prosser states: ''Allied to the condition of exclusive control in the defendant is that of absence of any action on the part of the plaintiff contributing to the accident. Its purpose, of course, is to eliminate the possibility that it was the plaintiff who was responsible. . . . But the requirement may easily be misunderstood. The plaintiff is seldom entirely static, and it is not necessary that he be completely inactive, but merely that there be evidence removing the inference of his own responsibility.'' (Prosser on Torts (3d ed.) pp. 228-229.)

did not see what was directly in front of her and why she did nothing to avoid the collision until it was too late. Thus plaintiff's own testimony does not exclude her conduct as a responsible cause of the collision.

We conclude that the second and third conditions for the application of the doctrine of res ipsa loquitur were not met and that the trial court was clearly justified in refusing to give the instructions in question.

The judgment is affirmed.

Molinari, J., and Sims, J., concurred.

A petition for a rehearing was denied December 1, 1966, and appellant's petition for a hearing by the Supreme Court was denied December 28, 1966. Sullivan, J., did not participate therein.