[Civ. No. 23926.   First Dist., Div. Three.   Sept. 14, 1967.]

JEAN V. GAGOSIAN, Plaintiff and Respondent, v. BURDICK'S TELEVISION & APPLIANCES et al., Defendants and Appellants.

Hoge, Fenton, Jones & Appel and John I. Horton for Defendants and Appellants.

Cartwright, Saroyan, Martin & Sucherman and Robert E. Cartwright for Plaintiff and Respondent.

DRAPER, P. J.—This is an action for damages for bodily injuries allegedly sustained when plaintiff's car, at a stop sign, was struck from the rear by a car driven by defendant Hutcheon in the course of his employment by defendants Burdick. Jury verdict and judgment were for defendants. Plaintiff's motion for new trial was granted, and defendants appeal.

■ The doctrine of res ipsa loquitur applies unconditionally, or ''as a matter of law,'' when undisputed evidence establishes that plaintiff's car was stationary when struck from behind by defendants' vehicle (*Alarid* v. *Vanier*, 50 Cal.2d 617 [327 P.2d 897]; *Persike* v. *Gray*, 215 Cal.App.2d 816 [30 Cal.Rptr. 603]). Plaintiff, corroborated by her guest, testified that her car was at a complete stop before it was struck. We need not determine whether defendant's largely conclusionary statement contradicts this testimony, since appellants concede, for purposes of this appeal, that res ipsa applies ''not merely conditionally, but as a matter of law.''

■ When an absolute or unqualified res ipsa instruction (e.g. BAJI 206) is warranted by the undisputed facts, it is error to instruct the jury that ''the mere fact that an accident happened, considered alone, does not give rise to an inference that either party was negligent.'' (*Alarid* v. *Vanier, supra*; *Persike* v. *Gray, supra*.)

*Alarid, Persike,* their predecessors and their progeny (e.g. *Ponce* v. *Black*, 224 Cal.App.2d 159 [36 Cal.Rptr. 419]; *Sweeney* v. *Pozarelli*, 228 Cal.App.2d 585 [39 Cal.Rptr 601]) seem to have been misconstrued by some attorneys and trial judges who misread them as requiring the court, on its own motion and without request by counsel, to give the unconditional res ipsa instruction whenever the facts warrant it. Nothing in the language of any of these cases announces or suggests any such requirement for instruction on res ipsa without request. There is authority flatly to the contrary (*Hyde* v. *Avalon Air Transport, Inc.*, 243 Cal.App.2d 88, 93 [52 Cal. Rptr. 309]). The state is under no duty to provide counsel for private litigants in civil cases. There is neither reason nor justification for compelling a trial judge to act as a sort of advisory or ''backup'' counsel, with all the frustration of the employed attorneys' trial strategy and tactics which such a holding could encompass. We emphasize that *Persike,* decided by this court, does not require a court on its own motion and in the absence of request by counsel to instruct upon res ipsa in rear end collision cases.

The rule is clear, however, that it is error to instruct the jury that the mere occurrence of the accident gives rise to no inference of negligence if, as here, the undisputed facts warrant an unconditional instruction on res ipsa (*Alarid* v. *Vanier, supra*; *Persike* v. *Gray, supra*). *Persike* establishes that this rule applies even though, as in this case, the plaintiff failed to request the res ipsa instruction and none was given.

On this appeal, we must determine whether the trial court, on motion for new trial, properly held that a colloquy between court and jury amounted to the giving of a "mere happening" instruction.

The formal instructions read to the jury before it retired fully covered the issues of negligence, proximate cause and burden of proof. The duty of a following driver to maintain a safe space between his vehicle and the car ahead of him was detailed. No instruction on res ipsa having been requested, none was given, and the "mere happening" instruction was likewise omitted.

After deliberating for some time, the jury returned to ask whether, if it found that defendant "did hit" plaintiff's car, "does the law then state that he was in fact negligent?" The court summarized its instruction on following too closely, and said that the jury must determine from all the instructions whether the conduct of defendant driver was reasonable and prudent. It continued "The mere fact that two cars collide doesn't automatically of itself mean anything, but if you feel that this was carelessness, then, of course, he is negligent." In response to another question, the judge said that plaintiff "has to prove first of all that the defendant was negligent. . . . if . . . you don't think the defendant was negligent you just quit and come in." The jury resumed its deliberation and shortly returned with its defense verdict.

The trial judge, on motion for new trial, determined that these comments misled the jury. We agree. They effectively directed the jury to draw no inference whatever from the fact that defendants' car struck plaintiff's stationary vehicle from behind. The mere omission to instruct on res ipsa was waived by plaintiff's failure to request it (*Hyde* v. *Avalon Air Transport, Inc., supra,* 243 Cal.App.2d 88). But the affirmative direction to draw no inference whatever from this fact is the very error condemned in *Alarid* and *Persike.* The language here used, in combination with the repeated admonition that the first thing plaintiff must prove is defendants' negligence, is even stronger than the "mere happening" instruction which has been so often proscribed in like fact situations.

We need not speculate from a cold record as to the effect of the instruction upon the jury, or the emphasis it may have been given by coming separately from the main body of instructions. The trial judge, who saw and heard the witnesses and observed the jurors, has determined that issue, and

we see no reason to disturb his finding (*Shaw* v. *Pacific Greyhound Lines*, 50 Cal.2d 153, 159 [323 P.2d 391]).

Defendants-appellants argue that *Persike* applies only when the "mere happening" instruction is requested by a defendant. We find in that decision neither such suggestion nor any statement that the instruction there given was in fact so requested. ▮ Defendants also urge that plaintiff waived the issue by failing to object when the court, in its necessarily extemporaneous effort to enlarge upon its instructions in response to a jury request, made the comments it has now found misleading. We recognize fully the problems confronting a trial judge upon such a jury inquiry. But we find no more basis for waiver in this failure to object than in the failure of plaintiff to request a res ipsa instruction.

▮ In truth, the "mere happening" instruction (formerly BAJI 131) adds nothing to instructions adequately covering negligence, proximate cause, and the essentiality of a finding of defendants' negligence to permit a verdict for plaintiff. (See *Guerra* v. *Handlery Hotels, Inc.*, 53 Cal.2d 266, 272-273 [1 Cal.Rptr. 330, 347 P.2d 674] ; *Getas* v. *Hook*, 236 Cal.App. 2d 705, 711-712 [46 Cal.Rptr. 249].) What few encouragements the instruction has received have been unnecessary (*Kite* v. *Coastal Oil Co.*, 162 Cal.App.2d 336, 346 [328 P.2d 45]) or in dissent (*Shaw* v. *Pacific Greyhound Lines, supra,* 50 Cal.2d 153, 160-161). The editors of BAJI have withdrawn the instruction from their approved list (BAJI 1967 pocket parts, 88-89). We find no authority that refusal of the "mere happening" instruction, even when requested, is reversible error. Since it but elucidates the obvious to the jury, and need not be given to meet any rule of appellate procedure, we join heartily in the recommendation of its authors for its "decent burial." The trial judge who strikes the "mere happening" instruction from his instruction book and completely erases it from his memory will save some time in instruction and much in retrial after reversal.

Order granting new trial affirmed.

Salsman, J., concurred.