[Civ. No. 36368. Second Dist., Div. Three. Sept. 28, 1970.]

ELIZABETH P. DUNCAN, Plaintiff and Respondent, v.
QUEEN OF ANGELS HOSPITAL et al., Defendants and Appellants.

666

COUNSEL

Early, Maslach, Foran & Williams and Frank B. Campbell for Defendants and Appellants.

Kenneth L. Knapp, Richard H. Kirkpatrick and William B. Murrish for Plaintiff and Respondent.

Robert E. Cartwright, Edward I. Pollock, Theodore A. Horn, Marvin E. Lewis, William H. Lally, Thomas T. Anderson, Joseph W. Cotchett and Leonard Sacks as Amici Curiae on behalf of Plaintiff and Respondent.

OPINION

ALLPORT, J.—Defendants Queen of Angels Hospital and Ali Allahyar appeal from a judgment entered upon the verdict of a jury in favor of plaintiff in an action for personal injuries.

The uncontradicted facts disclose that plaintiff, age approximately 70 and in good health, while legally upon premises owned and operated by defendant hospital, was involved in a collision with a gurney (food cart) controlled by defendant Allahyar, an employee of the hospital, while acting in the course and scope of his employment. There was a conflict in the evidence as to who hit whom. At the time in question plaintiff was

walking in a southerly direction in one of the hospital corridors. The corridor was approximately 10 feet wide. She had been there before. The gurney was being pulled in an easterly direction in an intersecting corridor. The east-west corridor was 6 feet in width. Plaintiff testified she was looking straight ahead just prior to the collision. She was not required to wear glasses. She did not recall seeing the gurney in question prior to impact. She had never seen such a gurney before nor had she been warned as to the existence of such on the premises. Defendant Allahyar testified he was walking backwards pulling the gurney at a normal speed and that he saw plaintiff a second or less prior to the collision. Plaintiff was looking in her purse. He took evasive action but was unable to avoid the impact. Both were moving at the time of impact.

It is contended on appeal that it was reversible error for the trial court to instruct the jury on the doctrine of res ipsa loquitur since the basic elements essential to the applicability of the doctrine were nonexistent.

At the request of plaintiff the trial court instructed the jury as follows: "On the issue of negligence, one of the questions for you to decide in this case is whether the [injury] involved occurred under the following conditions: First, that it is the kind of [injury] which ordinarily does not occur in the absence of someone's negligence; Second, that it was caused by an agency or instrumentality in the exclusive control of the defendant; and Third, that the [injury] was not due to any voluntary action or contribution on the part of the plaintiff which was the responsible cause of her injury. If, and only in the event that you should find all these conditions to exist, you are instructed as follows: From the happening of the [accident] involved in this case, an inference may be drawn that a [proximate] cause of the occurrence was some negligent conduct on the part of the defendant. If you draw such inference of defendant's negligence then, unless there is contrary evidence sufficient to meet or balance it, you will find in accordance with the inference. . . ."

Plaintiff and defendants agree that the factual conditions necessary for the application of the doctrine are, first, the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; second, it must be caused by an instrumentality or agency within the exclusive control of the defendant; and, third, it must not have been due to any voluntary action or contribution on the part of the plaintiff. Plaintiff's first instruction on the subject, BAJI 4.00, correctly declares these requirements. (*Anderson* v. *Jones,* 266 Cal.App.2d 284, 288 [72 Cal.Rptr. 187].) ▮ Basically the application of the doctrine rests on probabilities and it applies where the accident is of such a nature that it can be said, in the light of past experience, that it probably was the

result of negligence by someone and that the defendant is probably the person who is responsible. (*Zentz* v. *Coca Cola Bottling Co.,* 39 Cal.2d 436, 446 [247 P.2d 344].) ■ The rule has no application where both parties were in the exercise of an equal right and each are chargeable with the same degree of care. (*Sauer* v. *Eagle Brewing Co.,* 3 Cal.App. 127, 132 [84 P. 425].) The case at bar appears analogous to that of moving vehicles approaching an uncontrolled intersection to which the basic principles of negligence and proximate cause are applicable to each of the actors. The fact that the parties were afoot and one walking backwards pulling a gurney does not render the analogy inapplicable. In *Anderson* v. *Jones, supra,* 266 Cal.App.2d 284, the court, quoting with approval *Cordova* v. *Ford,* 246 Cal.App.2d 180 [54 Cal.Rptr. 508], said " 'Accordingly, it has been held that the collision is not in itself enough for the application of res ipsa loquitur in favor of one driver against another. The same is true when an automobile strikes a moving pedestrian. It is only where the plaintiff is shown to have been stationary, or his own fault is eliminated by some other specific evidence, that res ipsa loquitur can apply.' (Prosser, *Res Ipsa Loquitur in California* (1949) 37 Cal. L.Rev. 183, 204-205; see 246 Cal.App.2d at pp. 185-186.) The cases cited by Dean Prosser, with respect to moving pedestrians, support the action of the trial court in this case." (266 Cal.App.2d at p. 290.) (See also *Zulim* v. *Van Ness,* 3 Cal.App.2d 82, 86 [38 P.2d 820]; *Sauer* v. *Eagle Brewing Co., supra,* 3 Cal.App. 127, 132.)

We do not deem it advantageous to review herein the multitude of decisions of our appellate and supreme courts on the applicability of the doctrine of res ipsa loquitur. Plaintiff has not referred us to any case holding that the doctrine should apply under the facts of this case. On the contrary the cases of *Anderson* v. *Jones, supra,* 266 Cal.App.2d 284, and *Cordova* v. *Ford, supra,* 246 Cal.App.2d 180, are persuasive of a contrary conclusion. In *Cordova* the court had occasion to rule on the applicability of res ipsa, in the conditional form, as to a two-car intersection collision. It was therein held that a failure to instruct on the doctrine was not error, the court saying: "Plaintiff has cited no authorities, and we have found none, supporting the application of the doctrine in a factual situation like the present one. . . . As Prosser puts it: 'All courts are agreed that the mere fact of a collision of two automobiles gives rise to no inference of negligence against either driver in an action brought by the other. . . . It is only where one vehicle is stationary, or its driver's fault is eliminated by some other specific evidence, that res ipsa loquitur can apply against the other.' (Prosser on Torts (3d ed.) p. 226.) In a separate article already noted the author provides a more detailed exposition of the principle: 'When a vehicle operated by A collides with a

vehicle operated by B, there are four possibilities. A alone was negligent; B alone was negligent; both were negligent; or neither. Of these four only the first will result in liability of A to B. The bare fact of a collision affords no basis on which to conclude that it is the preponderant probability. The odds are against it.'" (246 Cal.App.2d at p. 185.) In *Anderson, supra,* the reasoning of the court in *Cordova* was applied to a pedestrian versus automobile collision. We see no reason why the same reasoning is not equally applicable to a collision of a pedestrian with a vehicle being pulled by another pedestrian under the facts of the instant case. In *Cordova* at page 186 the first of the three elements necessary to application of the doctrine was found to exist. In the case at bar the existence of such is conceded by defendant. In *Cordova* the court found that elements two and three were absent, saying: "Taking up the second condition of the doctrine, we note plaintiff's cavalier treatment of the point in the simplistic statement of less than three lines that 'It is undisputed in the record that any other than the defendant was in control of the defendant's vehicle at any time.' This, of course, is worthless as a solution to the problem at hand since the undisputed evidence discloses that there were *two* instrumentalities involved in the present accident and that only *one* of these was within defendant's control. To invoke the doctrine it was incumbent upon plaintiff to produce evidence permitting the conclusion that it was more likely than not that defendant was responsible for the accident. (Rest.2d, Torts, § 328D, com. e, p. 159.) . . . In order to eliminate other responsible causes and thus make the negligence point to defendant, it is usually shown that the specific instrumentality causing the accident was under the exclusive control of defendant. (Rest.2d Torts, § 328D, com. g, p. 161.) In the instant case plaintiff distorts the rationale of the doctrine by arguing that defendant was in exclusive control of *his own* vehicle. But there were *two* instrumentalities involved in the accident. Since plaintiff was in exclusive control of *her own* vehicle, the requisite exclusive control in defendant was not established.

"Finally, turning to the third condition of the doctrine, we consider whether the plaintiff's own conduct under the evidence has been eliminated as a responsible cause of the accident. (*Ybarra* v. *Spangard, supra,* 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258]; *Zentz* v. *Coca Cola Bottling Co., supra,* 39 Cal.2d 436, 444; Rest.2d Torts, § 328 D(1) (b); Prosser on Torts (3d ed.) pp. 228-229.) While a plaintiff may properly rely on the doctrine of res ipsa loquitur even though he was not inactive at the time of the accident and participated in the events leading up to it, before he can do so the evidence must exclude his conduct as the responsible cause. (*Zentz* v. *Coca Cola Bottling Co., supra,*

at pp. 444-445; *Shahinian v. McCormick, supra,* 59 Cal.2d 554, 560 [30 Cal.Rptr. 521, 381 P.2d 377]; Prosser on Torts, *supra;* . . . Rest.2d Torts, § 328 D (1) (b).)" (246 Cal.App.2d at pp. 186-187.) ▉ We cannot say that the evidence in the instant case establishes either of these requirements. Since plaintiff was in exclusive control of her actions as a pedestrian the requisite exclusive control in defendant did not exist. Likewise the evidence did not exclude plaintiff's conduct as being the responsible cause. We conclude that, under the circumstances, the trial court should not have given the res ipsa loquitur instructions and that to do so was error.

Plaintiff contends that, even though the giving of these instructions was found to be error, there was no miscarriage of justice and that under California Constitution article VI, section 4½ (now § 13) the judgment should be affirmed. We do not agree. The basic questions of negligence and proximate cause should have been submitted to the jury as simple factual matters under appropriate instructions on these subjects. There was no necessity, legal or otherwise, to tell the jury in addition that "from the happening of the accident . . . an inference may be drawn that a proximate cause of the occurrence was some negligent conduct on the part of the defendant." We are not unaware that the so-called "conditional" res ipsa was given. However, if that justifies the giving of the instruction complained of in this case then it is difficult to conceive of a case wherein res ipsa loquitur would ever be inapplicable.

The trial court's action in permitting the jury to infer negligence in this case placed an unfair burden upon the defendant not cognizable in law.

We are satisfied from an examination of the entire cause, including the evidence, that the error complained of has resulted in a miscarriage of justice. It is reasonably probable that a result more favorable to defendant would have been reached in the absence of this error. (*Huntingdon v. Crowley,* 64 Cal.2d 647, 661 [51 Cal.Rptr. 254, 414 P.2d 382].)

The judgment is reversed.

Schweitzer, Acting P. J., and Cobey, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 25, 1970. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.