691 A.2d 748

Jane LUCKEY

v.

Robert O. KAN.

No. 1116, Sept. Term, 1996.

Court of Special Appeals of Maryland.

April 1, 1997.

Daniel M. Clements (Lauren R. Calia, and Israelson, Salsbury, Clements & Bekman, L.L.C., on the brief), Baltimore, for appellant.

Angus R. Everton (Mary Alane Downs, and Mason, Ketterman & Morgan, on the brief), Baltimore, for appellee.

Argued before EYLER, THIEME and SONNER, JJ.

THIEME, Judge.

Appellant Jane Luckey appeals from a judgment of the Circuit Court for Baltimore City (Ward, J., presiding) entered on a jury verdict in favor of the appellee, Robert O. Kan, M.D. In this case, we are asked to decide whether the trial court committed reversible error by giving a "mere happening" instruction in a medical malpractice action. We find that the instruction was proper because it was within the parameters previously established by the Court of Appeals. Accordingly, we shall affirm the judgment of the trial court.

-facts-

Luckey sought medical attention from Dr. Kan after she began to experience occasional numbness in her left hand. Based on Dr. Kan's diagnosis of an ulnar nerve entrapment at the left elbow, Luckey agreed to ulnar nerve transposition surgery on her left arm. Transposition surgery involves taking the ulnar nerve (commonly known as the funny bone) from over the elbow bone and placing it beneath the padding of the muscles in the arm.

Immediately after Dr. Kan performed the surgery, Luckey experienced severe pain in her left arm and hand, accompanied by "clawing" and immobility of the fingers of the hand. Due to the severity of the symptoms, Dr. Kan performed a second exploratory procedure on Luckey's arm. During the second procedure, Dr. Kan found scar tissue under the skin and surrounding the ulnar nerve. This scar tissue caused Luckey's pain and disability. Although the clawing of her hand ultimately disappeared, she was left with diminished use

of her left hand and arm as well as persistent and permanent pain in the region of her elbow.

Luckey originally filed a claim before the Maryland Health Claims Arbitration Office, but all parties waived arbitration. The Circuit Court for Baltimore City heard the case as a jury trial.

At trial, Luckey presented expert testimony from Dr. Ronald Greene. Dr. Greene opined that, based on his review of all the medical records and photographs of Luckey's ulnar nerve taken during the second surgery, the damage in Luckey's ulnar nerve resulted from Dr. Kan's negligence in the transposition surgery. Dr. Greene testified that Dr. Kan violated the standard of care by burning the ulnar nerve while attempting to cauterize bleeders around the nerve during the transposition.

Dr. George P. Bogumill, the expert for Dr. Kan, felt that Dr. Greene testified inaccurately because his conclusion was based on a misidentification of the ulnar nerve in the photographs. Dr. Bogumill testified that the ulnar nerve was shown to be intact in the second operation, and therefore could not have been cut during the first surgery. Dr. Bogumill opined that the ulnar nerve injury resulted from a nerve infarct due to an impediment of the blood supply to the nerve. According to Dr. Bogumill, because the nerve infarct was an unavoidable consequence of surgery, Luckey's injury occurred absent negligence.

At the conclusion of the case, over the objection of Luckey, the court gave a "mere happening" instruction. The jury found that Dr. Kan was not negligent in the performance of the first procedure and returned a verdict in his favor.

-discussion-

It is not clear whether Luckey properly objected to the instruction in the court below. In *Sims v. State,* Judge McAuliffe, in interpreting Md. Rule 4–325(e), which deals with objections in criminal cases, stated:

**4**

"[W]hen the objection is clearly made before instructions are given, and restating the objection after the instructions would obviously be a futile or useless act, we will excuse the absence of literal compliance with the requirements of the Rule."

319 Md. 540, 549, 573 A.2d 1317 (1990).

█ In any event, the instruction was not erroneous. A trial judge is permitted wide discretion as to the form of jury instructions, and, in the absence of a clear abuse of that discretion, an instruction should not be reversed on appeal. *See Blaw-Knox Constr. Equip. Co. v. Morris,* 88 Md.App. 655, 666–67, 596 A.2d 679 (1991).

The propriety of a "mere happening" instruction was addressed in *Kennelly v. Burgess,* 337 Md. 562, 654 A.2d 1335 (1995). In *Kennelly,* the Court of Appeals cautioned trial courts about the use of such an instruction, because it might only confuse a jury. *Id.* at 577, 654 A.2d 1335. It also pointed out that a "mere happening" instruction is usually unnecessary because it " 'elucidates the obvious' and is generally redundant." *Id.* (citing *Simmons v. Monarch Mach. Tool Co., Inc.,* 413 Mass. 205, 596 N.E.2d 318 (1992), and *Gagosian v. Burdick's Television & Appliances,* 254 Cal.App.2d 316, 62 Cal. Rptr. 70 (1967)). Maryland Rule 2–520(c) does not require the court to "grant a requested instruction if the matter is fairly covered by instructions actually given."

█ In *Kennelly,* however, the high court did not prohibit the use of such an instruction. In fact, it provided guidelines for trial courts that desired to give a "mere happening" instruction. The Court of Appeals wrote:

If any form of a "mere happening" instruction is to be given in a medical malpractice case requiring expert testimony, the jury should be informed that, although an unsuccessful result does not create a presumption of negligence, *it still may be considered as some evidence of negligence and that an expert witness may consider it in formulating his or her opinion that there was negligence.*

*Kennelly,* 337 Md. at 575, 654 A.2d 1335 (emphasis added). In the instant case, Judge Ward instructed the jury:

[T]he mere happening of any events and occurrences involved in this case, or the mere fact that [Luckey] claims damages does not create a presumption of negligence, lack of care, or liability. A bad, undesired, or unexpected result, following the treatment, does not establish medical malpractice. However, it still may be considered as some evidence of negligence, and an expert witness may consider it in formulating his opinion that there was negligence.

Judge Ward's instruction strictly adhered to the Court's language in *Kennelly.*

Furthermore, the Court of Appeals reversed the trial court in *Kennelly* because the trial court incorrectly stated the law (that an unexpected result was not evidence of negligence). In the case *sub judice,* conversely, the trial court's instruction was a correct statement of the law. The trial court did not, therefore, abuse its discretion in giving the instruction.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**