Filed 8/6/21  Barefield v. Machuca-Cruz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| FINAS D. BAREFIELD JR., | C091630 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201600196653CUPAGDS) |
| v. | |
| ADRIANA MACHUCA-CRUZ, | |
| Defendant and Respondent. | |

This case arises out of an automobile accident.  Plaintiff Finas D. Barefield Jr. appeals from a judgment entered after a jury found that defendant Adriana Machuca-Cruz was not negligent and defendant was not entitled to any award against her.  On appeal, Barefield argues there was no evidence to support the jury's verdict, and that Machuca-Cruz was negligent.  This claim fails because Barefield had the burden of proof and the evidence did not compel a finding in his favor as a matter of law.  We will affirm the judgment.

1

## I. DISCUSSION

"It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.)  "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.  [Citations.]  When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)  As the reviewing court, we will not perform an independent, unassisted review of the record in search of error or grounds to support the judgment. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.)  These rules apply to Barefield even though he is representing himself on appeal.  (*Id.* at p. 523.)

Barefield argues there was no evidence to support the jury's verdict, and that Machuca-Cruz was negligent and thus responsible for the accident and Barefield's subsequent damages.  Where, as here, a plaintiff fails to prove his cause of action, the standard of review on appeal is not, as Barefield suggests, whether substantial evidence supports the judgment.  (*Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)  "We generally apply the familiar substantial evidence test when the sufficiency of the evidence is at issue on appeal.  Under this test, ' "we are bound by the established rules of appellate review that all factual matters will be viewed most favorably to the prevailing party [citations] and in support of the judgment. . . .  'In brief, the appellate court ordinarily *looks only at the evidence supporting the successful party, and disregards the contrary showing*.'  [Citation.]  All conflicts, therefore, must be resolved in favor of the respondent." '  [Citation.]

"But this test is typically implicated when a defendant contends that the plaintiff succeeded at trial in spite of insufficient evidence.  In the case where the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as

whether substantial evidence supports the judgment." (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1527-1528, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7; accord *Estes v. Eaton Corporation* (2020) 51 Cal.App.5th 636, 651.)

Instead, "where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' " (*In re I.W., supra*, 180 Cal.App.4th at p. 1528.) "This is 'an onerous standard' [citation] and one that is 'almost impossible' for a losing plaintiff to meet, because unless the trier of fact made specific factual findings in favor of the losing plaintiff, we presume the trier of fact concluded that 'plaintiff's evidence lacks sufficient weight and credibility to carry the burden of proof.' " (*Estes v. Eaton Corporation, supra*, 51 Cal.App.5th at p. 651.) "We have no power on appeal to judge the credibility of witnesses or to reweigh the evidence." (*Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1486.)

As Barefield indicates, Machuca-Cruz testified that she was driving straight on the highway and not changing lanes when the accident occurred. She said she did not see Barefield's car before the accident and she does not know how it occurred. Barefield's reliance on the res ipsa loquitor doctrine to establish error is unavailing. Under this doctrine, "certain kinds of accidents are so likely to have been caused by the defendant's negligence that one may fairly say 'the thing speaks for itself.' " (*Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 825.) "In California, the doctrine of res ipsa loquitur is defined by statute as 'a presumption affecting the burden of producing evidence.' [Citation.] The presumption arises when the evidence satisfies three conditions: ' "(1) the accident must be of a kind which ordinarily does not occur in the

3

absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." ' [Citation.] A presumption affecting the burden of producing evidence 'require[s] the trier of fact to assume the existence of the presumed fact' unless the defendant introduces evidence to the contrary. [Citations.] The presumed fact, in this context, is that 'a proximate cause of the occurrence was some negligent conduct on the part of the defendant . . . .' [Citation.] If the defendant introduces 'evidence which would support a finding that he was not negligent or that any negligence on his part was not a proximate cause of the occurrence,' the trier of fact determines whether defendant was negligent without regard to the presumption, simply by weighing the evidence." (*Id.* at pp. 825-826.) Barefield cites nothing indicating he made a request for an instruction on res ipsa loquitor or that the issue has been preserved for appeal. Further, "[g]enerally, . . . the mere occurrence of a collision between two cars does not of itself present a circumstance for applying the res ipsa loquitur doctrine, though a collision may occur under circumstances warranting application of the doctrine. [Citations.] Circumstances where application of the res ipsa loquitur doctrine may be justified include rear-end collision cases where the rear car has collided with a stopped, stationary, or parked vehicle." (*Pittman v. Boiven* (1967) 249 Cal.App.2d 207, 212-213, italics omitted; accord *Cordova v. Ford* (1966) 246 Cal.App.2d 180, 185, see also *Gagosian v. Burdick's Television & Appliances* (1967) 254 Cal.App.2d 316, 318 ["The doctrine of res ipsa loquitur applies unconditionally, or 'as a matter of law,' when undisputed evidence establishes that plaintiff's car was stationary when struck from behind by defendants' vehicle"].) That was not the case here. Barefield has failed to demonstrate that the evidence compelled a finding in his favor as a matter of law.

## II.  DISPOSITION

The judgment is affirmed.  Respondent Adriana Machuca-Cruz shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

---
RENNER, J.

We concur:

/S/

---
BLEASE, Acting P. J.

/S/

---
ROBIE, J.